## EMILY WILFORD *vs.* EDWARD T. WILFORD.

### JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Divorce.  Alimony.*

A petition for divorce contained no prayer for alimony. More than six months after final decree, petition for alimony was filed under Gen. Laws, 1909, cap. 247, § 5.

*Held,* that the fact the petition did not show that the husband was possessed of real estate was immaterial since the earnings or other personal estate of respondent were subject to the payment of alimony.

(2)  *Divorce.  Alimony.*

Gen. Laws, 1909, cap. 247, § 5, does not limit the time within which a petition for alimony must be filed to six months from the entry of the absolute decree for divorce, but such proceeding may be instituted at any time subject to the defence of laches or waiver.

PETITION FOR ALIMONY under Gen. Laws, 1909, cap. 247,. § 5.   Heard on appeal of petitioner and sustained.

VINCENT, J.   This is a petition for alimony filed in the Superior Court on October 17, 1914.   This petitioner filed her petition for divorce against her husband, Edward T. Wilford, November 23, 1912.   On April 1, 1913, the petition for divorce was heard and granted, for fault on the part of the husband, and a final decree was entered October 7, 1913. The petition for divorce contained no prayer for alimony and no order for alimony was included in the final decree.   There was an arrangement, of a private character, between the parties in the suit for divorce whereby the respondent agreed to pay the petitioner for her support and maintenance the sum of $15 per week until such time as an order for a different. sum should be entered by the court, either before or after the entry of a decree for divorce.   The respondent made the weekly payments, according to his agreement, until October 2, 1914, when he refused to continue the same, and some. two weeks later the present petition was filed.   The petition is based on Section 5, Chapter 247 of the General Laws, which is as follows:   "Whenever a divorce is granted for fault on the part of the husband, the wife shall have dower as if the husband were dead; but such dower shall be claimed on proceedings begun within six months after the absolute decree, and, if not claimed within said period, or if claim be made for alimony within said period, then dower shall be deemed to be waived and released, and the only relief of the wife shall be a claim for alimony chargeable upon the estate of the husband, or some specific portion thereof, as the court may decree:   . . ."

The respondent, in the present petition, contends that the court has no jurisdiction in the matter for the reason that more than six months have elapsed since the entry of the final decree which terminated the proceeding, and that this (1) statute refers only to cases where the wife could have dower if the husband were dead and that no claim being made that

(1) the respondent was possessed of real estate, the petition cannot be considered. We do not think that this last contention demands any extended discussion. The earnings, or other personal estate of the respondent are subject to the payment of alimony. *Sampson* v. *Sampson*, 16 R. I. 456; *Warren* v. *Warren*, 36 R. I. 167.

The petitioner claims that the statute means, at least by implication, that while her right to dower is limited to six months she may claim alimony at any time after the entry of a final decree, such claim, like any other equitable claim, being subject only to the defence of laches or waiver.

(2) The final decree in the suit for divorce was entered October 7, 1913, and more than twelve months later—October 17, 1914—the present petition for alimony was filed. The statute, Chapter 294, § 2, provides that a court entering a decree shall have control over it for a period of six months. If therefore the present petition for alimony is based upon the original petition for divorce, and can only be granted through a change or modification of the decree for divorce, then, after the expiration of six months from the entry of that decree the power and authority of the Superior Court to further act therein ceased. The petitioner, however, claims that the present proceeding is consequent upon and not incident to the suit for divorce. This court said in *Warren* v. *Warren*, 36 R. I. 167, that alimony under the provisions of our law is made expressly incidental to and consequent upon a divorce. This does not mean however that a petition for alimony is necessarily a part of the divorce proceeding and that alimony, though not asked for in the petition for divorce, cannot be subsequently granted. There can be no alimony except there be a divorce and to that extent a petition for alimony is incidental to and consequent upon the granting of a divorce. The present petition for alimony is not a part of the divorce proceedings and the entry of a decree therein granting alimony cannot be considered as changing or modifying or otherwise affecting the decree granting the divorce.

The statute cited provides that a claim for dower must be prosecuted within six months after the entry of an absolute decree of divorce and that if not prosecuted within that time dower shall be deemed to be waived and released. The statute further provides that a claim made for alimony within said period of six months shall also operate as a waiver and release of any claim for dower and that thereafter the only relief available to the wife is a claim for alimony.

We do not think that this statute limits the time within which a petition for alimony must be filed to six months from the entry of the absolute decree for divorce, but that such a proceeding may be instituted at any time subject to the defence of laches or waiver.

In the present case it appears that the respondent, Edward T. Wilford, pending the divorce, gave to the petitioner a written agreement by which he obligated himself to pay to her the sum of $15 per week for her support and maintenance until such time as an order providing for the payment of a different amount should be entered by the court. This memorandum agreement is not dated. We think it may be assumed that it was made in lieu of and in anticipation of an order of the court making provision for the support of the petitioner, and presumably came into existence soon after the petition for divorce was filed.

The respondent continued to make payments of $15 per week to the petitioner under his said agreement until October 2, 1914, when he refused to do so any longer, and on October 17, 1914, some two weeks later, the petitioner filed her petition for alimony.

It was natural that the petitioner after being in receipt of these weekly payments for a long period, and having in her possession the written agreement of the respondent assuring her of their continuance until some order of the court should be entered for a different amount, either before or after the entry of a decree for divorce, should come to place reliance upon the good faith of the respondent and to believe in his intention to abide by his deliberate written

undertaking and that under these conditions she should have regarded the matter of alimony as satisfactorily settled, requiring no interposition on the part of the court. Upon the default of the respondent and his refusal to further pay the weekly allowance, the petitioner filed her petition for alimony within fifteen days. There is no question of waiver except the failure of the petitioner to make a claim for alimony within six months which we have already considered, and we do not think that under the circumstances of the case, and the promptness with which her petition for alimony was filed after default made by the respondent that there is any ground whatever for holding the petitioner guilty of laches.

The petitioner's appeal is sustained, the decree of the Superior Court denying and dismissing the petition is reversed, and the case is remanded to said Superior Court for hearing on its merits.

*Lyman & McDonnell, Richard E. Lyman,* for petitioner.

*George Farnell,* for respondent.