## VAN ARSDALE and ALLEN *vs.* DRAKE and others.

At common law, as well as by statute, partition between tenants in common of real estate, is matter of right where both parties cannot, or either of them will not, consent to hold and use the property in common.

Where parties are seised of a life estate in real property, by virtue of an assignment to them, by one of the tenants in common, in trust for the benefit of his creditors, they have an absolute right, under the statute, to a decree of partition.

A sale of premises held in common can only be authorized where it appears to the court that the premises are so circumstanced that a partition cannot be made without great prejudice to the owners.

The statute refers to comparative prejudice between an actual partition and a sale; and its language will not justify a sale where the aggregate amount of benefits from a sale, instead of a partition, will be small, in reference to the value of the property.

The prejudice spoken of, in the statute, means a prejudice to all the owners, and not to a part only.

On a bill filed by the assignees of a tenant for life, for a partition, the creditors of the tenant for life are not necessary parties.

IN EQUITY. The defendant Susannah Drake, and her two daughters, Susan Drake and Ann, the wife of John F. Seaman, were seised in fee as tenants in common of nine several houses and lots, in the city of New-York. Seaman was seised of a life estate for the joint lives of himself and wife, in his wife's third, and being so seised, he failed in business and made an assignment to the plaintiffs for the benefit of his creditors. They filed this bill, asking a partition and sale of the whole of

the premises owned in common, on the ground that they would thus, by receiving from the avails a sum in gross, be likely to realize a larger amount for their interest in the premises. The defendants, in their answer, insisted that the power to sell conferred on the plaintiffs by the deed of assignment, did not vest them with the power to make partition, and that the creditors of Seaman ought to have been made parties to the suit.

*R. E. Mount, Jun. & J. L. Mason,* for the plaintiffs, cited 1 *R. S.* 729, § 60; *Parker* v. *Jerord,* (*Amb.* 236;) *Barring* v. *Nash,* (1 *Ves. & B.* 550;) *Calvert on Parties,* 212.

*D. Lord,* for the defendants, cited *Attorney General* v. *Hamilton,* (1 *Madd. Ch. Rep.* 214;) *McQueen* v. *Farquhar,* (11 *Vesey,* 467.)

EDMONDS, J.    At common law, as well as by statute, partition between tenants in common of real property, is matter of right, where both parties cannot, or either of them will not, consent to hold and use the property in common. (*Smith* v. *Smith,* 10 *Paige's Rep.* 473, *and cases cited.* 2 *R. S.* 321, § 23, 329, § 80.)    The statute is imperative that the court shall determine the rights of the parties in the lands of which partition is sought, and shall give judgment that partition be made, &c.    As then the plaintiffs in this suit are seised, by virtue of the assignment to them, of an estate for life in the premises described in the pleadings, as tenants in common with the defendants, they have an absolute right, under the statute, to a decree of partition.    The cases cited on the argument going to show that a power of sale is not well executed by a partition, (*Willis on Trustees,* 143, *n. h.*; *McQueen* v. *Farquhar,* 11 *Ves.* 467,) do not interfere with this right, because the plaintiffs have something more than a mere power; they are absolutely seised of a legal estate for life.    They have succeeded to all the estate of the tenant for life, and can convey to their grantee an absolute estate to that extent.    Partition must therefore be decreed between the defendant Susannah Drake, as seised in fee

simple of one equal undivided third part of the premises, Susan Drake, as seised of a like estate in another third, the plaintiffs as seised of a life estate for the joint lives of Seaman and wife in the remaining third, and Ann Seaman as seised of the reversion in that third.

The plaintiffs, however, ask for more than a partition; they demand a sale of the whole premises, so that out of the avails they may receive a sum in gross for their interest in the premises. And this is sought, not because the premises are so situated that partition cannot be made, but because a sale would probably be more profitable to them than a division in kind. The statute authorizes a sale only where it shall appear to the court that the premises are so circumstanced that a partition cannot be made *without great prejudice to the owners.* (2 *R. S.* 330, § 81.) The statute refers to comparative prejudice between an actual partition and a sale; and its language will not justify a sale where the aggregate amount of benefits from a sale, instead of a partition, will be small in reference to the value of the property. (10 *Paige,* 475.) And the prejudice spoken of means a prejudice to all the owners, and not to a part only. In this case, the absolute owners in possession, of two-thirds of the premises, and the owner of the reversion of the remaining third, would all be prejudiced by a sale instead of a partition; and the only parties that could by possibility be benefitted by a sale, would be the owners of the life estate. And as to them even, there is no proof that they would be at all benefitted. All that is merely a matter of conjecture, on their part; and I cannot conceive why they cannot sell and obtain, on a sale, the full value of their estate after an actual partition shall be made. Its value can easily be ascertained, and the sagacity of capitalists can readily measure it. Except this conjecture there is no reason offered for a sale; and that is by no means sufficient to justify me in decreeing that a partition would work great prejudice to the owners. The application for a sale must therefore be denied.

There is nothing in the objection of the want of parties. The

plaintiffs are seised of the whole legal estate, and Seaman's creditors have only a right to enforce the trust in equity. (1 · *R. S.* 729, § 60.)

---

SAME TERM.    *Before the same Justice.*