## PATRICK LANNON ET AL. *vs.* MARY A. LANNON.

### FEBRUARY 14, 1917.

PRESENT:    Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Partition.*

The intent of cap. 330, Gen. Laws, 1909, relative to partition is to provide in the first instance for partition by metes and bounds, giving to each owner his fair and equitable portion of the same, but in the event of its not being practicable to make such a division and in that .event only, the court may in its discretion, order a sale of the property and a division of the proceeds.

*(2)  Partition.  Sale and division.  Metes and Bounds.*

On a bill in equity for partition of tenement house property consisting of four parcels of land with seven houses thereon, the interests of the complainants being in fee and that of respondent .being a life interest in a portion, terminating upon her remarriage, and also a dower right, the court ordered a sale and division of the proceeds, with provision allowing any of the parties purchasing at the sale to have his share apply toward the purchase price.  On appeal, *held,* that as there was no practicable way by which the value of the interest of respondent could be determined, and taking into consideration the question of the financial ability of respondent, and the testimony showing the likelihood that a sale would result disastrously to respondent and that such sale was not necessary to protect the interests of any of the parties, and that the parties would still have an opportunity to object upon the coming in of the commissioner's report upon a division by metes and bounds, the Superior Court was not justified in decreeing partition by sale.

BILL IN EQUITY FOR PARTITION.    Heard on appeal of respondent and sustained.

VINCENT, J.   This is an appeal from a decree of the Superior Court ordering a partition of certain real estate, by sale at public auction, and a division of the net proceeds thereof among the parties thereto according to their respective rights and interests, the decree further providing that any party who may become a purchaser of said real estate or any part thereof, at such sale, may

apply his or her fractional share and interest therein as a part of the purchase price thereof. The other portions of the decree are not necessary to the consideration of the questions now presented to us.

According to the bill of complaint the property in question consists of four several parcels of land situate in the city of Providence on Huntington Avenue, Oak Street, School Street, and Plainfield Street, upon which there are seven houses. These several estates are what is popularly known as tenement house property. The interests of the parties to the bill are Maria Lannon and Patrick Lannon, ninety-one two hundred and eighty-eighths (91/288) each in fee, Peter J. Lannon five ninety-sixths (5/96) in fee, and Mary A. Lannon, the respondent, an estate for life or until her remarriage and also a dower right in ninety-one two hundred and eighty-eighths (91/288). Upon the death or remarriage of Mary A. Lannon her interest would cease and the whole estate would be held in common and in fee by the complainants, Maria Lannon, Patrick Lannon and Peter J. Lannon. In other words, upon the death or remarriage of Mary A. Lannon the remainder of ninety-one two hundred and eighty-eighths (91/288) would pass unencumbered and in equal portions of ninety-one eight hundred and sixty-fourths (91/864) to each of the other three complainants.

The bill prays that a partition may be made by metes and bounds if possible and the various parts conveyed to the parties according to their respective interests and that if such realty cannot be actually so divided and set off, then and in that event the same to be sold at public auction and the net proceeds divided.

Section 2, Chapter 330, General Laws of Rhode Island, 1909, provides that all joint tenants, coparceners and tenants in common, who now are or hereafter may be actually seised or possessed of any estate of inheritance, in

any lands, tenements or hereditaments, in their own right
or in the right of their wives, may be compelled to make
partition between them of such lands, tenements or
hereditaments, by writ of partition or bill in equity.
This section solely contemplates a partition by metes and
bounds.    Section 16 of the same chapter provides that in
suits in equity for partition, the Superior Court may, in
its discretion, upon motion of any party to such suits,
order the whole premises sought to be divided, or any
particular lot, or portion or tract thereof, or the interest
of the plaintiff or plaintiffs or of the defendant or defend-
ants in the whole premises, or in any particular lot, por-
(1) tion or tract thereof, to be sold at public auction, under
the direction of the court, &c.   The intent of the statute
is to provide in the first instance for the partition of
realty by metes and bounds, giving to each owner therein
his fair and equitable portion of the same, but in the
event of its not being practicable to make such a divi-
sion, and in that event only, the court may in its discre-
tion order a sale of the property and a division of the
proceeds.

As between a sale and a partition the courts almost
universally have favored a physical division as not dis-
turbing the existing form of the inheritance, and statutes
which include a provision for a sale have been very gen-
erally construed to require that a division by metes and
bounds must be made whenever practicable, and that the
impracticability of such a division must be shown affirm-
atively before a sale will be decreed.    *Johnson* v. *Olm-
sted,* 49 Conn. 509; *Candee* v. *Candee,* 87 Conn. 85;
*Smith* v. *Greene,* 85 S. E. 537 (W. Va.); *Van Arsdale*
v. *Drake,* 2 Barb. 599 (N. Y.); *Reeves* v. *Reeves,* 67 Tenn.
669; *Shorter* v. *Lesser,* 98 Miss. 706; *Rowe* v. *Gillelan,*
76 Atl. 500 (Md.).

The present consideration then comes down to the one
question, would it be practicable to divide the estate by

metes and bounds? If it would be, then the decision of the Superior Court is erroneous. If it would not be, then there is no error and the decree appealed from should be allowed to stand. In *Ford* v. *Kirk*, 41 Conn. 9, the court held,.that although extensive powers are vested in the Superior Court, the power always has been, and ought to be, very cautiously exercised. The compulsory sale of one's property without his consent is an extreme exercise of power warranted only in clear cases.'' In *Rowe* v. *Gillelan, supra,* the court held that when the weight of the evidence is in favor of the parties desiring partition by metes and bounds the decree of the court ordering a sale must be reversed.

The Superior Court seems, to some extent, to have been influenced in reaching its conclusions by the contemplation of a provision to be inserted in the decree allowing either of the parties purchasing any or all of the property at the sale to have his or her share apply toward the purchase price, and the belief that such provision would obviate the danger that the property might be sacrificed. While such a provision might be of service to the complainants we cannot see how it would be of benefit to the respondent. Her interests in the estate are not interests in fee. She has a life estate in a certain portion and also a dower right, both of which may be terminated at any moment upon her death and the former may also be terminated upon her remarriage. These (2) are not interests which could 'be applied toward the purchase price should she bid off some portion of the property at the auction sale. There would be no practicable way in which the value of her interest could be determined.

The question of the respondent's financial ability is an element which must be taken into consideration. In *Updike* v. *Adams*, 24 R. I. 220, this court said: '' The court must see that the requirement of owelty is equita-

bly necessary; that the amount required is fair, and that
its payment is not so imposed upon a party as to be un-
reasonably burdensome, considering both the condition
of the property and the party.'' Although the question
there involved related to owelty the principle established
is equally applicable to the case at bar.

In reviewing the testimony we find the complainants'
expert admitting in cross-examination that there are
many difficulties at a forced sale; that a forced sale makes
all the difference in the world; that a forced sale very
often results in a much smaller price; that it would be
very hard to sell some of it and that possibly it would be
a question of the heirs buying it in. The complainants'
expert further testified that the difficulty of arriving at
a fair valuation would prevent a fair division, but that
if the value could be established the division would be
simple, at the same time admitting that he had had no
experience in selling property of that character. On the
other hand, the respondent's expert, a man of wide expe-
rience in handling real estate in the city of Providence,
testifies that there would be no difficulty in arriving at
a fair valuation of the property; that he sees no diffi-
culty whatever in dividing this property; that it can be
easily divided; that if it was sold it would probably bring
about one-half of the assessed valuation and that it would
be much better for all concerned to divide the property
than to have it go at a small price and get little out of it.

Upon this testimony it would seem that a sale would
be most likely to result disastrously to this respondent
and that such sale would not be necessary to protect the
interests of any of the parties.

In undertaking to divide the estate by metes and bounds
a commissioner or commissioners would be appointed to
make such division and report his or their proceedings
to the court. The case would still be before the court
for the confirmation or rejection of the report of the

commissioner or commissioners. Should the commissioner or commissioners make report that it was impracticable to divide the property by metes and bounds, with or without reasonable owelty, as the necessities of the case might require, or if it should appear to the court, upon the coming in of such report and upon hearing the objections thereto, that such division would be impracticable, it might then be competent for the court in that situation to exercise its discretion and decree a partition by sale.

We think that under the testimony the Superior Court was not justified in decreeing a partition by sale, for the reason that a division by metes and bounds appears to be practicable, and when practicable it is the intent of the statute that such method should be employed.

As expressed by the court in the case of *Kaufman* v. *City of Pittsburgh,* 93 Atl. 779 (Pa.) : " The object of a proceeding in partition is to make a physical division of the real estate among the several cotenants in accordance with their respective interests, and, if that is not practicable, the statutes provide for the contingencies which may arise, one of which is the sale of the premises, or any of the purports thereof." In the case of *Dyer* v. *Vinton,* 10 R. I. 517, it was held that a bill praying that the property might be sold and the proceeds divided was demurrable and must be amended by inserting a prayer for partition generally. In the case of *Updike* v. *Adams, supra,* a party respondent objected to a decree enforcing the payment of owelty on the ground that the statute providing for the sale of an estate was intended to apply to those cases where the division cannot be exact, and that it thus operates as a limitation upon the general rule in equity by providing a substitute for it. The court, however, refused to adopt that view, saying: " We cannot think that the statute was intended to abrogate the power in such cases, and therefore that

it is not in substitution for the general power, but in addition to it, to cover cases in which a payment of owelty is impracticable; for example, the division of a single house and lot between several parties." The opinion then proceeds to set forth the rule which must govern the court in cases where payment of owelty. is required to which reference has already been made.

The respondent's appeal is sustained, the decree below is reversed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Easton, Williams & Rosenfeld,* for complainants.

*George F. Troy,* for respondent.