ANTHONY V. FRANCIS *et ux. vs.* JOSEPH V. FRANCIS *et al.*

FEBRUARY 26, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This is a bill in equity for partition of certain real estate situated in the town of East Providence in this state.   It was brought under general laws 1938, chapter 586, by a son and his wife against the other children of Mary V. Francis, deceased, their respective spouses, and the co-administrators of the estate of said Mary V. Francis.   In the superior court the respondents filed answers admitting the allegations of the bill and joining in the prayer for partition of the real estate therein described.   Thereupon a decree was entered granting the partition and appointing a commissioner to sell the property at private sale or public auction.

After such sale had been duly held, the commissioner filed his report which was affirmed by a decree entered in the superior court.   The decree included the allowance of certain counsel fees for complainants and respondents to be taxed as part of the costs of the suit.   From that decree only the complainants have prosecuted, briefed and argued their appeal to this court, and they have restricted their reasons of appeal solely to the allowance of counsel fees to three attorneys who represented the respondents.

The complainants concede that the statute expressly authorizes the court to fix the costs of partition which are

thereby made a lien against the interests of the parties, and further that the words "costs of partition" appearing in the statute have been construed to be broad enough to include "counsel fees" as well as the ordinary costs of suit and other expenses of making the partition. *Redecker v. Bowen,* 15 R. I. 52; *Robinson v. Robinson,* 24 R. I. 222. They contend, however, that under §23 of the above-mentioned statute the allowance of counsel fees for *respondents'* attorneys is not authorized unless it is shown affirmatively that they have performed services which are beneficial to the estate as a whole; that in all but one of the cases under the statute only the fees of counsel for complainant were involved and allowed; that, with said exception, none of the cases relating to this question involved a request for or allowance of counsel fees for a respondent; and that in the one excepted case, *Andreano v. Andreano,* 66 R. I. 83, the allowance of counsel fees for a respondent was not objected to, and therefore such case is not an authority governing the instant appeal where timely objection to the allowance was made by complainants.

From the record here we cannot say that the trial justice acted beyond the scope of the statutory authority as construed in the above-cited cases. It is true that in the *Andreano* case there was no objection to the allowance of counsel fees for a respondent, whereas here there was timely objection. But an application of the principle previously enunciated in the *Robinson* case seems to justify the court's authority to allow in proper circumstances a counsel fee to a respondent in a partition suit. In the *Robinson* case the court, referring to the construction of the statute as made in the *Redecker* case, held as follows: "The decision was based upon the principle that where a suit for partition was necessary, and its benefit enured to all the parties, the cost of procuring it should not be thrown wholly upon the complainant, but should be borne in part by those who share in the benefit." The court then went on to add: "Some-

times counsel fees have been allowed to attorneys for defendants, *where they have rendered necessary service for the common benefit of all.*" (italics ours)

While this last quotation is in the nature of dicta, it· nevertheless explains and emphasizes the principle whereby the court is justified in allowing the counsel fees of any party as costs in a partition suit. Moreover, in the most recent case, *Andreano* v. *Andreano, supra,* we stated that the allowance of counsel fees as part of the cost of partition is now established in the practice of this state and we also approved the underlying principle upon which the decisions in *Redecker* v. *Bowen* and *Robinson* v. *Robinson, supra,* had been rested. Clearly counsel fees have been allowed to complainants solely on the theory that it was unfair to tax them for the full amount of necessary services which inured to the common benefit of all the parties  On the other hand, it would seem to be unfair to require these respondents in effect to pay not only for the greater part of complainants' counsel fees but also to pay all the fees of their own counsel where the services presumably were found to have been rendered for the benefit of the estate as a whole.

Here it appears that respondents made no attempt to defeat the immediate partition by pleadings or other conduct. They actually facilitated the entry of the decree by admitting the allegations of the bill, by joining in its prayer, by consenting to the decree, sale and commissioner's report, and possibly by other actions. It does not appear in the transcript, as complainants now argue, that the services, for which counsel fees were allowed to respondents, were performed for their sole benefit in some other proceeding which arose from a mistaken idea that they alone owned the entire fee of the property. So far as the transcript shows, the services presumably were found by the trial justice to have been rendered in connection with the partition suit, in furtherance of its purpose, and for the common benefit of the estate as a whole. In our judgment a con-

sistent application of the approved principle would author- ize the trial justice in his sound judicial discretion to allow counsel fees to both complainants and respondents if the services were found to have been rendered in connection with the partition suit and for the common benefit of all the parties.

Obviously where a suit has been contested in an attempt to defeat the entry of a decree of partition, counsel for a respondent would not be working for the common benefit of all and no fees would be allowable to him under a proper application of the above principle. Moreover, if the allowances depended upon services rendered in some unrelated proceedings solely for respondents' benefit, we would have no hesitancy in sustaining complainants' contention. In such an event the services would not have been brought about by the need for partition and would not have been rendered in relation thereto for the benefit of the estate as a whole. But, as stated, according to the transcript the complainants' objection appears to have been directed to the contention that under the statute the court did not have any authority to award counsel fees to a respondent in a partition suit.

In the circumstances, so far as shown in the transcript, we are justified in assuming that the trial justice considered the nature and extent of the services claimed by respondents' counsel, and that he allowed fees for only the portion of services which were found by him to have been rendered in relation to the partition proceeding and for the benefit of the estate as a whole. Whether the fees for such services should be allowed and taxed as costs at all, and if so in what proportion, must depend upon the facts to be found in each case. On the record here we cannot say that the allowance of counsel fees for respondents was based on a misconception or misapplication of the pertinent and established principle of law.

The complainants' appeal is denied and dismissed, the

decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Joseph H. Coen,* for complainants.

*Fergus J. McOsker, William F. Fidalgo, Frank W. Slepkow,* for respondents.