CORA M. BARNEY *et al. vs.* MARY D. BARNEY.

MAY 31, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This proceeding was commenced on June 10, 1948, under general laws 1938, chapter 586, by a bill in equity for partition of certain real estate therein described among the tenants in common. After a hearing in the superior court on amended bill and answer, a decree was duly entered granting the prayer of the bill and appointing a commissioner to make the partition. By a decree entered December 4, 1951, that court confirmed the partition as made by the commissioner according to metes and bounds, subject to an owelty payment in the amount of $1,000 by respondent to complainant Cora M. Barney. It also ordered the parties to divide in equal portions the costs of suit including the commissioner's fee of $400. No appeal was taken from that decree.

Another decree was also entered December 4, 1951 ordering complainant Cora M. Barney, who had managed the estate for many years as agent for all the owners, to make an accounting. Pursuant thereto she then filed a statement of her account. Thereafter respondent filed a motion to amend the former decree of partition so as to order the costs to be divided ratably. Later a decree was entered July 8, 1954 denying respondent's motion to amend the decree of partition, denying her amended objections to the account, confirming such account as filed, and ordering payment to respondent's attorney of $125.29, the balance due respondent as shown on said account. The case is here solely on respondent's appeal from that decree.

Originally the property belonged to H. Almira Barney and upon her death the title was vested in equal shares in her four children, namely, Cora M. Barney, her sister Susan B. Briggs, and their two brothers. One of the brothers was the husband of the respondent Mary D. Barney, who later acquired title to his undivided one-fourth interest in all the property. The other brother and the sister Susan subsequently conveyed their respective interests to complainant Cora, so that at the time of the instant hearing the latter had become the owner of a three-fourths interest. Consequently the case is essentially between Cora M. Barney, hereinafter referred to as the complainant, and Mary D. Barney, the respondent.

The complainant and respondent were also occupants respectively of tenements in different houses belonging to the estate and were paying rent therefor. The former had collected all rents, paid taxes, made repairs, and generally managed the estate before her mother died and thereafter she acted as agent for the owners, including respondent. Statements of account were submitted annually to respondent, who made no objection thereto. There is no question here concerning the merits of the partition, the commissioner's report, the amount of his fee, or its assessment as part of the costs of the suit. The real controversy concerns the division of such costs "in equal portions" as ordered by the court.

The respondent first contends that the trial justice abused his discretion in dividing equally between complainant and respondent the costs of the partition suit, which totaled $407.40 including the commissioner's fee. She contends that they should have been assessed *ratably* in accordance with the fractional interest owned by each of the parties who were benefited by the partition. Such a division would have assessed only one fourth of said costs against respondent rather than one half thereof.

Under G. L. 1938, chap. 586, §22, relating to partition, it

is provided that the court "may adjudge and determine, as to it shall appear equitable and just, relative to the apportionment of costs among the parties, plaintiff and defendant, by dividing the same equally *or subjecting either party to the payment of the whole or any part thereof.*" (italics ours) The same provision concerning costs is also found in G. L. 1938, chap. 536, §6. Under such statutes it has been held that fees and expenses of a commissioner are properly assessable as costs of a partition suit. See *Whipple* v. *Wales*, 47 R. I. 487. Moreover we have held that a justice of the superior court in his sound discretion may award even counsel fees as a part of the costs assessed in a suit for partition. *Francis* v. *Francis*, 81 R. I. 346, 102 A.2d 872.

We find nothing in these statutes or decisions thereunder which *requires* the trial justice to assess the costs of all such suits *ratably* in accordance with the fractional interests of the parties, even though ordinarily that would be equitable. The language of the statute above italicized clearly vests the trial justice with authority, in the exercise of his sound discretion, to make the assessment conform to the special circumstances of a case where it would be equitable and just to do so. Here complainant, with the assent of all the other owners including respondent and her predecessor in title, had managed the estate for many years without receiving any compensation. No charge for such services appears in her account and no allowance was made therefor. The trial justice apparently concluded that in the prevailing circumstances it would be more equitable and just to assess the costs of this partition suit equally between complainant and respondent rather than ratably according to their interests. From a review of the evidence we cannot say that in so deciding he clearly abused the sound discretion vested in him by the statute.

The respondent next argues that complainant was allowed to credit herself with payments for water for many years, although such use by her in connection with a water-cooled

gas refrigerator was excessive. Assuming that in particular months the use of water for such type of refrigerator was above the normal, nevertheless the precise amount of the excess does not appear in the evidence. Further in any event it is not clear that she alone was responsible for any excessive amount. On the contrary, as the trial justice pointed out, several tenants occupying different houses used water which was distributed through the same meter. Nowhere is it claimed that complainant was not required to pay or did not pay to the city the amounts for which she received credit in her account.

The respondent also argues that a larger rental should have been charged against complainant because she used her tenement as an office. It appears in the evidence for respondent that complainant worked at home for a company; that another employee also worked there; and that a fair rental of that tenement, considering certain furnishings and use, should have been more than the amount of the monthly rental which she had been paying for a number of years as a dwelling. The trial justice considered this contention and in effect found that during a large portion of that time the rents were frozen by federal regulations; that by virtue of the arrangement with the company complainant was enabled to have a gainful occupation at home which otherwise she could not have obtained; and that there was no evidence that she received any added pay for her services or for rent from the company for this use of the tenement. He also noted that because of federal regulations during the depression the other tenants, including respondent, were paying rentals that also may have been less than reasonable.

We have examined the transcript of evidence and we cannot say that the trial justice was clearly wrong in finding that in the circumstances the amounts charged by the complainant were all that she received and all that she should reasonably be required to account for. Certain other contentions are advanced by the respondent in support of the

appeal. So far as they are properly included in the reasons of appeal, these have also been examined and in our opinion they are without merit.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Charles H. Anderson,* for complainants.

*Fergus J. McOsker,* for respondent.