ANGELINA LUCCHETTI *vs.* ANGELO LUCCHETTI.

NOVEMBER 26, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a bill in equity for the partition of

certain real estate standing of record in the names of Angelo Lucchetti and Angelina Lucchetti, husband and wife. The cause was heard in the superior court on bill, answer and proof. Thereafter a decree was entered declaring the parties to be joint tenants of the real estate in question and ordering partition thereof by public or private sale. From that decree the respondent, Angelo Lucchetti, has appealed to this court.

Under his reasons of appeal he contends that the decree is contrary to the law and the evidence in that (a) complainant is not a substantial joint tenant or cotenant entitled to partition, and (b) the trial justice did not decide the share which should be awarded to each party. We shall consider each contention in the above order, but before doing so we shall state the principal facts as they appear from the transcript and the exhibits.

The parties were married on February 28, 1938. At that time respondent conducted a shoe store and a dry goods store at 377 Atwells avenue in the city of Providence. Above the store there was a tenement which the parties rented and occupied as their home until sometime in 1953. After the marriage, complainant went to work in the store where she worked every day until 9 p.m. without compensation. This continued until 1950 when the business got bad. She then obtained work as a spinner at the Lymansville Worsted Mill. After working there for thirteen months she resumed her duties at the store and continued to work there until August 1952 when she left to conduct a restaurant in the Bella Napoli Hotel at 93-95 Atwells avenue. In 1953 the parties became estranged and on August 5 of that year complainant sued for a divorce from bed and board. The respondent thereupon brought a cross suit for absolute divorce. At the same time complainant brought the instant bill for partition. The divorce suits were heard on their merits and denied on May 25, 1955.

The bill alleges that the parties are joint tenants of a

tract of land with improvements thereon designated as lot No. 53 on tax assessors' plat No. 85 and also designated as 489-491 Eaton street, and another tract with improvements thereon designated as lot 56 on said assessors' plat 26 and also designated as 93-95 Atwells avenue. It appears from the evidence that the Eaton street property was acquired by purchase on July 19, 1944 and conveyed to Angelo Lucchetti and Angelina Lucchetti to hold "as joint tenants and not as tenants in common."

The Atwells avenue property, otherwise referred to as the Bella Napoli Hotel, was acquired by foreclosure of a mortgage by Nicola Conca to the Citizens Savings Bank which the bank assigned to the Lucchettis on March 22, 1944. By mortgagees' deed dated February 25, 1952 this property was conveyed to "Angelo Luchetti and Angelina Luchetti." There is no statement in that deed that the grantees take and hold as joint tenants and not as tenants in common.

On the face of the bill of complaint it appears that complainant relies upon those deeds principally for her right to be deemed the owner of an undivided interest in each tract and to be awarded relief by way of partition. However, she has presented other evidence tending to prove a pecuniary interest in her own right in such real estate. The respondent in his answer denies that complainant has any present right of ownership or that she made any substantial pecuniary contribution toward the purchase of either tract.

The evidence shows that the price of the Eaton street tract was $9,500 of which $4,000 was provided by a mortgage to the Industrial Trust Company. There is a conflict in the testimony as to the source of the balance. The complainant testified that she paid $1,000 from her own funds; that another $1,000 was obtained from a man who worked in her husband's store and made a loan to both of them; and that the rest was money which was on hand

in the store. She also testified that she had worked in the store since 1938 without pay.

The respondent in his testimony admitted that his wife worked in the store; that she was obligated under the mortgage to the bank; and that the $1,000 loan was made to both of them by a man named Berraducci. However, he denied that she contributed any money to the purchase of either tract. He testified further that the reason why her name appeared on each deed was that he took title in that form at the suggestion of a Mr. Martella at the bank who told him he could thus avoid the expense of probate. He claimed that it was his intention to give the property to his wife after his death and not while he was living. He could not remember that she gave him $750, although her bankbook which was in evidence shows a withdrawal of $755.24 on July 19, 1944, the date of the deed of the Eaton street property.

There is no need to relate any more of the evidence. It is apparent from the foregoing that respondent's attempt to show that the deeds did not reflect the true relation of complainant to this real estate was lacking in any probative force. The burden of rebutting the documentary evidence of his wife's undivided interest in the real estate in question was clearly upon him. From our reading of the transcript we cannot say that the trial justice erred in holding that he had not discharged that burden.

Generally where a husband purchases real estate and takes title thereto in his wife's name the law presumes a gift to the wife. *Oldham v. Oldham,* 58 R. I. 268. However, such presumption may be rebutted, but the evidence in rebuttal must consist of matters substantially contemporaneous with the purchase so as to be fairly connected with that transaction. In our opinion there is a total lack of such evidence here. On the other hand, in the case of the Eaton street property the documents themselves and the testimony of complainant are strongly persuasive of a

true joint interest therein in her favor. In this instance the trial justice's finding that there was a joint tenancy can be supported not only on the theory of a gift but also on complainant's evidence of a cash contribution to the purchase.

In the case of the Atwells avenue property there is no specific evidence of a cash contribution by complainant, but there is evidence from which the trial justice could reasonably infer that as a result of complainant's uncompensated services in the store she had an interest in the funds which were derived from that business and which she testified were invested in mortgages, among which was the Conca mortgage. Such an inference is strengthened by the fact that that mortgage was assigned by the bank to respondent and complainant, and that according to the uncontradicted evidence other mortgages which were acquired during the same period were conveyed in the same form. In any event whether the evidence showing complainant's contribution to the Atwells avenue property is strong or weak, there can be no question of complainant's right to an undivided interest therein by virtue of the deed itself, there being in our opinion no clear and convincing evidence on the part of respondent to rebut the theory of a gift.

There is no merit in respondent's argument that complainant's case cannot be rested upon the theory of a gift because she did not specifically allege a gift in her bill of complaint. The instant case is not like *Dolan* v. *Dolan,* 78 R. I. 12, or *Brown* v. *McGuire,* 78 R. I. 478, which respondent relies upon in support of his contention. In the first-cited case we refused to approve a decree for specific performance where no such relief was prayed for in the bill. In the second case the complainant relied upon fraud and failed to prove it, but the trial justice gave him relief on the theory of an agreement which had not been alleged. We reversed the decree based on that decision and cited the *Dolan* case as analogous. The dissimilarity of the case at bar to those cases, it seems to us, is striking. Here the com-

plainant alleged a joint interest in the real estate in question and proved it by documentary evidence which has in law a presumptive probative force.

However, respondent nevertheless contends the decree appealed from is erroneous because the trial justice did not find in what proportions the parties held undivided interests, which he should have done before referring the matter to a commissioner to make partition. On the record here there is no merit in that contention. Where a husband and wife by a conveyance of record are made joint tenants or tenants in common of real estate it is presumed, in the absence of clear and convincing evidence to the contrary, that each holds an undivided one-half interest in the whole. This is so because such tenants are said to hold *per my et per tout*. The shares of joint tenants are presumed to be equal although the contrary may be shown. 48 C. J. S., Joint Tenancy, §6, p. 930. The same may be said of cotenants who take by a deed which does not otherwise identify the extent of their respective interests. 14 Am. Jur., Cotenancy, §17, p. 88.

In the case at bar the bill of complaint alleged that the parties held the Atwells avenue property as joint tenants and the trial justice so found. This was error, since the mortgagees' deed by which such property was conveyed to them does not expressly state that it is to them as joint tenants, nor does it otherwise indicate that there is a right of survivorship. Such a conveyance under our statute is ineffective to create a joint tenancy and creates only a tenancy in common. General laws 1938, chapter 431. In the circumstances this error is harmless, since the respondent has failed to prove by clear and convincing evidence what interest, if any, he had which was greater than an undivided one-half interest in such property. However, paragraph numbered 1 of the decree appealed from should be amended to show that the parties are the owners of the Atwells avenue property as tenants in common.

The respondent's appeal is denied and dismissed, the decree as above modified is affirmed, and the cause is remanded to the superior court for further proceedings.

*Ralph Rotondo, Michael Addeo,* for complainant.

*Charles H. Drummey,* for respondent.