378 A.2d 1388.

Germaine M. Matracia *vs.* Cosmo S. Matracia, Sr..

NOVEMBER 8, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J.  This is an appeal from a Family Court decree granting the petitioner's motion seeking partition of the family residence owned by the petitioner and her respondent husband as joint tenants. The decree ordered that the residence be sold and the proceeds be divided equally between the parties. The correctness of that decree is the sole issue before us on appeal.

The record indicates that in 1952 respondent, hereinafter sometimes referred to as Cosmo Sr., and his first wife Josephine, deceased, acquired as joint tenants the land in question and caused to be built thereon a one-story home at the cost of $15,000 of which $8,000 was paid in cash and the

balance of $7,000 was paid by a mortgage. Cosmo Sr. and Josephine resided together in the home until 1966 when they added a second-floor apartment to the residence at a cost of $14,000. The respondent and his first wife moved into the second-floor apartment and their son Cosmo Jr. and his family moved into the first-floor apartment. In order to pay for the addition of the new apartment, the property was mortgaged for $16,000 representing the cost of construction and the payment of $2,000 on the original mortgage. Cosmo Sr., Josephine and Cosmo Jr. all executed the mortgage note in the amount of $16,000. The respondent and his son Cosmo Jr. agreed that they would each pay approximately $95 monthly which represented one-half of the mortgage payment and taxes due on the property. In October 1966, Josephine died; and on November 25, 1967, respondent married petitioner, Germaine. The parties occupied the second-floor apartment along with a boarder from whom patitioner received $20 weekly as payment for her room and board.

On August 29, 1968, respondent purchased his son Cosmo Jr.'s interest in the property for $1,800 in a transaction whereby a deed of the property was conveyed by respondent and Cosmo Jr. to Cosmo Sr. and Germaine, the parties here, as joint tenants. In order to pay Cosmo Jr., the parties refinanced the property by executing a mortgage note signed by both in the amount of $17,000.

Subsequently, Cosmo Jr. vacated the downstairs apartment and the parties moved downstairs and rented the upstairs apartment for $150 monthly from 1969 to 1971 when the rental became $172 monthly. Marital difficulties ensued, and petitioner separated from respondent and left the family residence on December 30, 1973. From that date to the date of the hearings, Cosmo Sr. lived in the family residence, collected the rent from the upstairs apartment, and paid the mortgatge, taxes and other expenses attributable to the property.

At the hearing, petitioner admitted not making any of the mortgage, tax or insurance payments, but pursuant to a prenuptial agreement she continued working after marriage and contributed to household expenses. She testified that she received $20 weekly from the boarder which she applied to a payment on an automobile. She further stated that her take-home pay was approximately $67 weekly, and that during the early part of the marriage she received payments of $50 weekly from her husband which payments were later discontinued. She further testified that respondent placed $50 weekly in a checking account which was used to pay household bills and expenses.

The respondent testified that until May 1971, when he was forced to retire because of an eye disease, he received a gross pay of approximately $158 weekly. Thereafter he received a teamster's pension and social security disability benefits which totalled $524 per month in 1975. He admitted discontinuing the $50 weekly payment to petitioner in 1972 but stated that instead, he was making payments on a new car which he had given petitioner. He stated that he collected the rents from the upstairs apartment but used the money to pay household expenses and expenses for mortgage payments, taxes and insurance. The respondent admitted that petitioner paid for food, laundry, gas and oil for the car and her own clothing, but that he paid for his own clothing, repairs on the car and medical bills.

Doctor Dugald H. Munro, an opthalmologist who treated Cosmo Sr., testified that respondent was suffering from retinitis pigmentosa[1] in both eyes and in his opinion, respondent was legally blind.

The trial justice found that the parties were joint owners of the property and that adequate and sufficient consideration was given by petitioner in that she obligated herself in the sum of $17,000 when she signed the mortgage note. The

[1]Retinitis pigmentosa was described by Dr. Munro as a degenerative disease of the retna which causes a gradual loss of vision.

trial justice also found petitioner worked all during the marriage, had pooled her earnings with respondent's earnings and other benefits, and both subsisted on the combined income. The trial justice further found that there is no necessity for the retention of the property by the parties in order to properly support or maintain either party. The trial justice thereupon granted the motion for partition and ordered the property sold and the proceeds divided equally between the parties.

On appeal, respondent presses three arguments. He first alleges that the trial justice abused his discretion in granting the motion for partition. He next argues that the trial justice erred in granting partition by sale in that the court failed to make any determination as to whether or not a division of the property by metes and bounds is practicable. Finally, he alleges that the Family Court justice abused his discretion in ordering the proceeds from the sale of the property to be divided equally between the parties.

The respondent first contends that the trial justice abused his discretion in ordering partition. He argues that petitioner made none of the mortgage or tax payments on the property and that respondent, now aged and disabled, has resided continuously on the premises for over 20 years.

The trial justice found that the parties were joint owners, that petitioner had provided adequate consideration for the transfer of title to her in signing the mortgage note and that the parties had pooled their earnings to pay the household expenses including the mortgage.

The finding that the parties were joint owners may be supported both on the theory that the conveyance was a gift and on the theory that petitioner provided adequate consideration for the transfer of title of the property to her by signing the mortgage note.

The theory of a gift can be sustained since the law in this state is clear that when a husband takes title to a parcel of

real estate in his own name and that of his wife, the transaction is presumed to be a gift or advancement for the benefit of the wife. *Oldham* v. *Oldham*, 58 R.I. 268, 192 A. 758 (1937).

However, the presumption of a gift may be rebutted by evidence which shows that the deed does not reflect the relationship between the parties, but the evidence in rebuttal must consist of matters substantially contemporaneous with the purchase so as to be fairly connected with the transaction. *Lucchetti* v. *Lucchetti*, 85 R.I. 105, 127 A.2d 244 (1956). Here, respondent introduced no evidence to rebut the presumption of a gift to petitioner.

It is well settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Rehab* v. *Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976).

Here, respondent has failed to sustain his burden on appeal of showing that the trial justice was clearly wrong or that he misconceived or overlooked material evidence since the finding by the trial justice that the parties pooled their incomes and paid their household expenses, including the mortgage payments, from their combined incomes is amply supported by the record.

The respondent further argues that his age and disability were not given sufficient weight by the trial justice. There is no merit in this argument since inconvenience or difficulty in making the partition or hardship or substantial loss or injury to some of the parties does not affect the right of the court to exercise its discretion in ordering partition. *See DeBartolo* v. *DiBattista*, 117 R.I. 349, 367 A.2d 701 (1976).

In support of his next argument, respondent states that the house contains two apartments and therefore could be

divided by metes and bounds and that the trial justice erred when he failed to determine affirmatively that division by metes and bounds is impractical.

The respondent, citing *Lannon* v. *Lannon*, 40 R.I. 60, 99 A. 819 (1917) states that a division by metes and bounds is preferred whenever practicable and that the impracticability of such a division must be affirmatively shown before a partition by sale will be decreed.

General Laws 1956 (1969 Reenactment) §34-15-16 provides that in actions for partition, the court in its discretion may order the premises sought to be divided sold either at public auction or by private contract.

Here the situation presented was that of a single house consisting of separate apartments on the first and second floors located on a single parcel of land. While it conceivably might be possible to award to each of the parties ownership of one of the apartments, it would be well nigh impossible to divide the land upon which the property was located by metes and bounds. Under the circumstances in this case, the finding that it would be impractical to divide the property by metes and bounds is implicit in the court's decision and decree although not specifically stated. It is appellant's duty on appeal to show that such finding was clearly wrong. This he has not done.

Finally, respondent argues that the trial justice abused his discretion in ordering the proceeds of the sale to be divided equally between the parties. He points out that during the marriage petitioner paid none of the expenses asociated with the property since she became a joint owner of the property in 1968, but that respondent paid all of said expenses. The respondent overlooks the fact that the trial justice found that the parties subsisted on their joint income and it is apparent that the parties shared expenses including those associated with the property. Furthermore, the rents

of which petitioner was entitled to her share were applied to expenses of the property. The respondent has consequnetly failed to show that the finding of the trial justice was clearly wrong or that he has misconceived or overlooked material evidence.

The decision of a trial court made in the exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof. *Berberian* v. *Travisono*, 114 R.I. 269, 332 A.2d 121 (1975).

Here it appears that the trial justice properly and judicially exercised his discretion, that is, he considered all the facts in relation to the rights of the parties and with just regard to what is right and reasonable. Therefore he did not abuse his discretion.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Family Court.

*Kirshenbaum & Kirshenbaum, Alfred Factor*, for petitioner.

*Kenneth J. Macksoud*, for respondent.