Violet M. CAVANAGH

v.

Robert D. CAVANAGH.

Nos. 79–17–Appeal, 81–77–Appeal.

Supreme Court of Rhode Island.

Dec. 1, 1983.

Edward E. Dillon, Jr., North Smithfield, for defendant.

John H. Hines, Providence, for plaintiff.

OPINION

PER CURIAM.

This case came before a hearing panel of this court on two consolidated appeals brought by Robert D. Cavanagh (Robert) arising out of orders entered in the Family Court authorizing partition of certain real estate purchased as tenants by the entirety by him and his purported spouse, Violet M. Cavanagh (Violet). We affirm the orders entered below. The facts insofar as pertinent to this appeal are as follows.

■  The parties entered into a purported marriage in 1954. In 1963 they purchased as tenants by the entirety a tract of land in the town of Little Compton consisting of approximately fifty acres with certain improvements thereon. On December 14, 1971, Violet filed a petition for divorce. Robert filed a cross-petition seeking a declaration that the marriage was originally void on the ground that Violet had not been divorced from her prior husband at the time of the purported marriage. Violet also petitioned the Family Court for partition of the real estate owned by the parties. Receivers were appointed to manage and control the property pending the outcome of the litigation. Violet's divorce petition was denied and dismissed. Robert's cross-petition to declare the marriage void was granted. No appeal was taken by either party. A final decree was entered August 8, 1973. Following this final decree, the receivers sought court permission to sell the property. A justice of the Family Court ordered that the property be sold and that in order to implement this order, two appraisers should be appointed.[1] From this determination Robert appealed. This court determined the issues raised by that appeal in *Cavanagh v. Cavanagh,* 118 R.I. 608, 375 A.2d 911 (1977). Inter alia, this court determined that the Family Court had jurisdiction to order partition of the subject proper-

---

1. The trial justice determined that Violet owned her share of the property as a tenant in common with Robert. *Cavanagh v. Cavanagh,* 118 R.I. 608, 613, 375 A.2d 911, 913 (1977). Tenan-

cy by the entirety requires the existence of a valid marital relationship at the time of conveyance. *Cull v. Vadnais,* R.I., 406 A.2d 1241, 1244 (1979).

ty. *Id.* at 618–19, 375 A.2d at 916. The case was then remanded to the Family Court for further proceedings.

Thereafter, a justice of the Family Court ordered that the property be sold and required that the commissioners obtain sealed bids. After hearing testimony, the court established an upset price in the amount of $200,000. Subsequently, sealed bids were received. Before opening the bids, the trial justice heard further testimony concerning the value of the real estate and viewed the premises. The trial justice then ordered that the bids be opened and that the highest bid be accepted. From this order Robert appealed.

■ In support of his appeal, Robert raises two issues. First he again asserts that the Family Court lacked jurisdiction to entertain a petition for partition subsequent to the entry of a final decree. Our decision in *Cavanagh v. Cavanagh,* 118 R.I. 608, 375 A.2d 911 (1977), is dispositive of this issue. This court held that the Family Court did have jurisdiction to determine the issue of partition between the two parties. *Id.* at 618–19, 375 A.2d at 916. That determination is final and binding upon us under the principles of res adjudicata.

■ Robert's second contention is that the trial justice incorrectly found that the property was not divisible by metes and bounds. We have examined the testimony of Mr. Herbert Farnum on the issue of the susceptibility of this property to be divided by metes and bounds and find that this expert witness stated that in his opinion "it's not suitable for division" by reason of the nature of the land, its swampy condition, and the presence of several small ponds and marshes. He stated that he believed that the highest and best use to which the property could be put was as a single parcel of real estate together with the various buildings and improvements thereon. He further stated the value of the property to be $200,000 in light of the present condition of the principal house on the property. We are of the opinion that this evidence supported the trial justice's

implicit determination that the property was not suitable for division by metes and bounds. *See Matracia v. Matracia,* 119 R.I. 431, 437, 378 A.2d 1388, 1391 (1977).

It is also true that on February 4, 1981, Violet presented another expert witness, Claude Andre Giroux, who testified that this land was susceptible of residential subdivision into six lots and that the real estate had a market value of $605,000. After hearing this testimony, the trial justice took a view of the real estate. Thereafter he determined that the sealed bids should be opened and the highest bid accepted. The highest bid was in the amount of $336,000.

In the posture in which this appeal is presented to us, we are faced with a consideration of a determination of questions of fact by the trial justice on the basis of conflicting evidence of two expert witnesses. Upon questioning counsel at oral argument, we determined that no offer higher than the offer presented to the trial justice had been forthcoming since February 4, 1981. Counsel also suggested that the purchase of property for the purpose of subdividing it, particularly property with a history of intense litigation, is a matter that might not be entered into lightly by a developer.

Taking all of these factors into account, as the trial justice was undoubtedly required to do, we cannot say that his determination of these issues of fact was clearly erroneous.

■ The litigation between these parties has continued in its varied phases since December 14, 1971, a period of nearly twelve years. Appeals have come before this court on three occasions. *See Cavanagh v. Cavanagh,* 119 R.I. 479, 380 A.2d 964 (1977); *Cavanagh v. Cavanagh,* 118 R.I. 608, 375 A.2d 911 (1977); *Cavanagh v. Cavanagh,* 112 R.I. 946, 315 A.2d 757 (1974). An attempt was made to remove the case from the Family Court to the Federal Court. There comes a time when litigation must come to a conclusion. We are of the opinion that this case has reached that junc-

ture. We have considered the arguments set forth in Robert's brief as well as those advanced at oral argument. We are of the opinion that the order of the Family Court was supported by adequate evidence and that the trial justice acted within the bounds of his discretion in ordering the sale of the real estate for the highest sum set forth in the sealed bids submitted.

For the reasons stated, the motion to affirm the orders of the Family Court is hereby granted. The appeals are denied and dismissed, and the orders of the Family Court are hereby affirmed. The papers in the case are remanded to the Family Court with directions that the present commissioners be authorized to implement the sale of the real estate as set forth in the Family Court decree dated February 12, 1981.

MURRAY and SHEA, JJ., did not participate.