[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came before the court on Plaintiff's petition for partition pursuant to G.L. 1956 (1984 Reenactment) § 35-15-3. A hearing was held on September 16, 1994. Decision was reserved pending submission of memoranda. The court has received and reviewed the memoranda submitted by counsel.
Facts/Travel
Fleet Bank filed a petition for partition of a parcel of land located on Corn Neck Road, Block Island, further identified as Lots 1, 2, 3 and 4 on The Crescent Beach Plat of July 1922 (Assessor's Plat 5, Lot 54-1, 54-2, 54-3 and 54-4). The land in question and consists of four contiguous lots. Lot 5 is adjacent to the parcel in question and contains a single family residence. The septic system for the house is located on Lot 4. Fleet Bank owns the adjacent house and property on Lot 5.
Fleet Bank became a 45% owner of the parcel in question after purchasing it at a tax sale. Fleet subsequently foreclosed the right of redemption and is now the undisputed owner of a 45% undivided interest. Defendant, Graham Wagenseil (Wagenseil) purchased an undivided 40% interest in the parcel. Defendant, Kathleen Nichols Eyles (Eyles) acquired her 15% undivided interest from Thomas Nichols, who purchased the interest at a tax sale. Fleet now seeks partition of the parcel by metes and bounds and is willing to reduce its interest to 35% which would entitle it to Lots 3 and 4. Wagenseil and Eyles object to Fleet's petition and seek to have a commissioner appointed to sell the property and divide the proceeds.
At the hearing, Mr. Richard Cohen, an engineer for Fleet, testified regarding the effect of partition on the parcel. His undisputed testimony revealed that
 1. The parcel is located in a Coastal Zone in the Town of New Shoreham. Such land can only be used for pedestrian paths and travel ways for recreational or educational use, and town roads or pathways or public launch or rescue access ways to the water.
 2. The New Shoreham Zoning Ordinance does not provide for merger or contiguous non-conforming lots.
 3. The minimal square footage needed to build a single family dwelling without access to the municipal sewer system is 40,000 square feet. The total square footage of Lots 1 through 4 combined is 30,520 square feet.
 4. Fleet has been denied the extension of municipal sewer services to the parcel.
 5. Any septic disposal system on the parcel would have to incorporate a high-tech disposal system.
 6. If the parcel was partitioned along the boundary between lots 2 and 3, a high-tech disposal system could be satisfactorily designed on lots 1 and 2.
 7. If the partition is made between lots 2 and 3, lots 1 and 2 will retain any grandfathered rights under the Zoning Ordinance since the subdivision was recorded in July of 1922.
Essentially, Mr. Cohen believed that a partition could be made by metes and bounds along existing lot lines if Fleet reduced its interest to 35%. This division would preserve any grandfathered rights the lots now possess under the New Shoreham Zoning code. In addition, Mr. Cohen believed that a disposal system could be designed on Lots 1 and 2 as easily as if it were designed on all four lots.
I. Petition for Partition
General Laws § 34-15-3 provides that all joint tenants, coparceners and tenants in common may compel partition by filing a civil action. G.L. 1956 (1984 Reenactment) § 34-15-3. Partition is an equitable remedy which imposes an obligation on the trial justice to achieve a "practical and reasonably equitable result."
Defendants presented no evidence at the hearing on the petition for partition despite the Court's strong suggestion that they do so. Defendant Wagenseil maintains he does not object to the partition yet insists he is entitled to the appointment of a commissioner to sell the property.[1] Yet neither defendant has made any effort to foreclose the rights of redemption pursuant to § 44-9-25 of the General Laws. Both Wagenseil and Defendant Kathleen Nichols Eyles hold tax titles to their respective interests. Neither plaintiff nor defendants have addressed the present ability of a Commissioner to sell the property and to deliver a marketable title to a purchaser.
Despite the absence of any evidence, Defendant Wagenseil alleges that lot 4, the lot which abuts Fleet's property and contains a portion of its leaching field is more valuable than the three remaining lots. This is pure conjecture and requires the court to engage in impermissible speculation. Further, Wagenseil asserts that the combined total of 31,000 square feet of the four lots "is probably buildable as four pre-existing platted lots of record. . ." Again there is not a scintilla of evidence in support of this proposition and is certainly not a valid ground upon which the court should deny the requested partition.
Wagenseil also misconceives the relief sought by Fleet. Fleet has proposed a division by metes and bounds along existing lot lines. This division would result in a net loss of square footage to Fleet and a net gain of square footage to Wagenseil and Nichols Eyles. Thus Wagenseil's argument that he and Nichols Eyles "would be stuck with newly divided unbuildable non-grandfathered lots" . . . is without merit. Fleet proposes a division along existing lot lines which does not require a new subdivision and preserves whatever nonconforming status the lots presently enjoy. Dickinson v. Killheffer, 497 A.2d 307, 314 (R.I. 1985).
The defendants in this action cite § 34-15-16 of the General Laws to support their proposition that they are entitled to have a commissioner appointed to sell the property and then share in the proceeds. However, case law interpreting this statute reveals otherwise. In Lannon v. Lannon, 40 R.I. 60, 99 A. 819 (1917), the Supreme Court held that this statute ". . . solely contemplates a partition by metes and bounds." Id. at 62, 99 A. at 820. The only time when a trial justice is justified in ordering a sale of the property and division of the proceeds is when it is not practical to make the partition by metes and bounds so that each owner receives his or her equitable portion of the real estate. Id. In making its decision, the Supreme Court followed decisions in other states which have construed their partition statutes to require a division by metes and bounds whenever practical, rather than selling the parcel. Id. (citingJohnson v. Olmsted, 49 Conn. 509; Candee v. Candee, 87 Conn. 85;Smith v. Greene, 85 S.E. 537 (W. Va.); Van Arsdale v. Drake,
2 Barb. 599 (N.Y.); Reeves v. Reeves, 67 Tenn. 669; Shorter v.Lesser, 98 Miss. 706; Rowe v. Gillelan, 76 A. 500 (Md.)).
Accordingly, where the partition cannot be made by metes and bounds, the court has discretion in deciding whether to order the partition. DeBartolo v. DiBattista, 117 R.I. 349, 351-352,367 A.2d 701, 702 (1976); Bianchini v. Bianchini, 76 R.I. 30, 34-35, 68 A.2d 59, 62 (1949). Generally, however, a party's right to partition is not affected by inconvenience or difficulty in making the partition or hardship or substantial loss or injury to some or all of the parties. DeBartolo, 117 R.I. at 353, 367 A.2d at 703 (citing DeRoulet v. Mitchel, 70 Cal.App.2d 120, 124, 160 P.2d 574, 576 (1945); Henkel v. Henkel, 282 Mich. 473, 481, 276 N.W. 522, 524-525 (1937); Thomsen v. Thomsen,196 Okla. 539, 543-544, 166 P.2d 417, 421-422 (1946)).
In the case at bar, it is clear that a division by metes and bounds is both practicable and equitable. By reducing their interest to 35%, Fleet Bank would be entitled to Lots 3 and 4. The defendants would retain interests in 65% of the land instead of their original 55%. Since Fleet is reducing its share, there is no need to draw new boundaries, and therefore, no need to make zoning approval a condition of partition. The lots will remain grandfathered under the zoning laws. The Court is satisfied that the defendants will be suffering no substantial hardship as a result of such partition.
Wagenseil finally alleges that if Fleet's proposed partition is made along existing lot lines then it would be inequitable to award Fleet the northernmost portion of the site because that portion of the site would "instantly" add value to Fleet's adjacent land. This argument is disingenuous at best. This Court is sitting in equity, and must strive to reach a result equitable to all parties. Fleet clearly has a greater interest in that portion of the parcel which abuts its land than the interest of either of these defendants. Indeed, defendants have failed to demonstrate any interest in that portion of the parcel except their hypothesis that it is more valuable because of Fleet's leaching field. The Court rejects that argument. Equity dictates that Fleet, the only party which has diligently pursued its interests in numerous civil actions and has clearly done so to protect the marketability of its adjacent property be awarded Lots 3 and 4.
The Court finds this is the only division which is equitable to all the parties and that no hardship to the defendants will result.
II. Motion for Apportionment of Costs
Fleet Bank also seeks an apportionment of the costs expended in prosecuting the petition for partition pursuant to G.L. 1956 (1984 Reenactment) § 34-15-22. This section allows the court to apportion the costs of the petition by dividing the costs equally between or among the parties, or by ordering one or more parties to pay all or a certain portion of the costs. It has become the practice in this state to apportion costs including attorney fees. Andreano v. Andreano, 66 R.I. 83, 85, 17 A.2d 465, 466 (1941); Redecker v. Bowen, 15 R.I. 52, 53, 23 A. 62, 63 (1885). Costs are generally awarded where the court determines that the services were rendered in connection with the partition and for the common benefit of all of the parties. Francis v. Francis,81 R.I. 346, 348-349, 102 A.2d 872, 873 (1954). Where the defendant opposes the entry of partition, the court could not conclude that the plaintiff's attorney performed services that were for the benefit of all of the parties and the plaintiff would not be entitled to an apportionment of costs. Id. at 350, 102 A.2d at 874-875.
In the present case, the defendants did oppose Fleet's petition for partition by metes and bounds. Therefore, this Court cannot conclude that Fleet's counsel worked for the benefit of all parties.
Accordingly, as this Court finds that partition of the parcel by metes and bounds is practical and equitable and will cause no substantial hardship to the defendants, Fleet's partition is hereby granted. Fleet Bank will receive Lots 3 and 4. The defendants will maintain their respective interests in Lots 1 and 2. In addition, as the Court cannot conclude that Fleet's counsel worked for the benefit of all parties. Fleet's motion for apportionment of costs is denied.
Counsel shall submit an appropriate order for entry.
[1] Kathleen Nichols Eyles has not filed a memorandum in this case.