DANIEL B. UPDIKE *vs.* A. BIGELOW ADAMS *et al.*

PROVIDENCE—FEBRUARY 21, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Partition.    Necessary Parties.*

While a mortgagee whose lien extends over the entire premises may be an
  interested party and therefore allowed to intervene on its own motion, it
  is not a necessary party to a bill for partition.  Not being a necessary
  party, the court will not order it to be brought in on the motion of
  another party to the suit.
Distinguishing *Green* v. *Arnold,* 11 R. I. 364.

(2)  *Partition.*

As a proposition of law and under Gen. Laws R. I. cap. 265, § 2, partition
  in equity, where there are no legal objections to complainant's title, is a
  matter of right ; and where all the conditions prerequisite to a partition
  exist, any hardship incidental to the exercise of the right cannot prevent
  the complainant from enforcing it.

BILL IN EQUITY for partition.  The facts are stated in the
opinion.   Heard on bill and answer.

TILLINGHAST, J.   This is a bill in equity for the partition
of real estate owned by the parties to the bill as tenants in
common.   It is before us on bill and answer.

Two points are made by the respondents' answer by way of
defence to the bill, namely :  (1) That the Peoples Savings
Bank, which holds a mortgage on the entire estate, should be
made a party ; and (2) that partition should not be made, as
prayed, because it would work a hardship on the respondents.

(1)     As to the first point, it seems to be well settled that, in the
absence of some statutory requirement, an incumbrancer
whose lien extends over the entire premises is not a necessary
party to a bill for partition.   Freeman on Co-tenancy and
Partition, § 478, and cases cited in note 1.

The Peoples Savings Bank, as mortgagee, is not a neces-
sary party, because no relief can be decreed against it.   It
may be an interested party, and therefore allowed to intervene
on its own motion, *Warren* v. *Prov. Tool Co.,* 21 R. I. 488 ;

*Burrill* v. *Garst*, 19 R. I. 38; but not being a necessary party, the court will not order it to be brought in on the motion of another party to the suit. *Green* v. *Arnold*, 11 R. I. 364, is not an authority in support of respondents' contention. In that case the mortgage did not cover the entire premises, and although the mortgagee was made a party to the bill by the complainant, no question was raised or considered as to the necessity of joining it. The authorities cited by respondents in the Encyclopedia of Pleading and Practice, vol. 15, p. 795, do not support the position taken by them. *Loomis* v. *Riley*, 24 Ill. 307, is not in point for two reasons : (1) The mortgage in that case was on an undivided interest of one of the tenants in common, which interest was purchased from one of the parties pending the suit for partition, the purchaser then mortgaging it pending this suit. And the court held that a mortgage of an undivided interest of a tenant in common, *pendente lite*, is only an incident to that interest, and after partition is limited to the portion allotted to the tenant in common executing it. (2) The statute of Illinois requires that all persons having an interest, or who, upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as known to the plaintiff, shall be made parties to the suit. *Lewis* v. *Atkinson*, 15 Iowa, 361, simply holds that a mortgagee who is not made a party to the suit for partition is not divested of his lien upon the land by the sale thereof, and that he can maintain forclosure proceedings against the same thereafter.

*Whitton* v. *Whitton*, 38 N. H. 127, holds that mortgagees are not generally necessary parties to a bill for partition, but that they may be joined where their interests may be impaired. *Long's Appeal*, 77 Pa. St. 151, and *Stewart* v. *Alleghany Nat. Bank*, 101 Pa. St. 342, not only do not sustain the position taken by respondents, but, on the contrary, sustain that of the complainant.

The argument in support of the contention that said savings bank should be made a party to the suit is that the several tenants in common, in the enjoyment of the respective parcels that shall be set off to them in severalty, may be pro-

tected by the decree of the court against paying more than their proportion of the joint and several obligation which now rests upon all of the real estate in question under the mortgage to said savings bank, which was given by all of the tenants in common. We appreciate the difficulty of so dividing the estate by metes and bounds (which is the only mode of partition prayed for in the bill) as to equalize the burden of said incumbrance on the several parcels, some of the parcels being productive and some of them unproductive. We also fail to see that any advantage can accrue to the owners by making partition, in view of the fact that the mortgage is for a very large amount and that the makers thereof are not in a condition to pay it off without recourse to the land. But it is well settled that the particular inconveniences and hardships which may result from the partition cannot be set up as a bar to the complainant's right to have it made, and hence the argument cannot prevail. The parties voluntarily put themselves in a position where such hardships might arise, and hence they have no occasion to complain. As the mortgage covers all of the parcels described in the bill, the bank can, of course, look to any or all of said parcels for its security, and no action of the court in connection with the partition of the estate can in any way affect the rights of the bank in the premises.

(2) The second point taken by respondents is untenable. Partition in equity, where there are no legal objections to the complainant's title, is a matter of right and not discretionary with the court. And where all the conditions prerequisite to a partition exist, any hardship incidental to the exercise of said right arising out of the particular circumstances of a given case cannot prevent the complainant from enforcing it. *Wisely* v. *Findlay*, 3 Randolph (Va.), 361.

In *Scovil* v. *Kennedy*, 14 Conn. 361, the court say: "It is well settled that the difficulty of making a partition and the inconvenience resulting to the other tenants furnish no sufficient reason for not making a division."

Mr. Freeman says: "It is now certain that unless when the titles of the respective parties are spread before a court of

equity it can see that there are legal objections to the complainant's title, he can demand, *as a matter of right*, that it proceed with the partition." See section 424. And this proposition is well sustained by the authorities which he cites in note 1. See also *Hill* v. *Reno*, 112 Ill. 154; *Vint* v. *King*, 2 Am. L. Reg. (O. S.) 729; *Holmes* v. *Holmes*, 2 Jones Eq. (N. C.) 334; *Ledbetter* v. *Gash*, 8 Ired. L. 462; *Mitchell* v. *Starbuck*, 10 Mass. 5; *Potter* v. *Wheeler*, 13 Mass. 504; *Donnell* v. *Mateer*, 7 Ired. Eq. 94; *Campbell* v. *Lowe*, 9 Md. 500; *Higginbottom* v. *Hunt*, 25 Miss. 160; Am. & Eng. Ency. of Law, vol. 17, p. 680.

Moreover, under Gen. Laws R. I. cap. 265, § 2, it would seem that the absolute right of a tenant in common to partition cannot be doubted. Said section is as follows:

"SEC. 2. All joint tenants, coparceners, and tenants in common, who now are or hereafter may be actually seized or possessed of any estate of inheritance in lands, tenements, or hereditaments, in their own right or in the right of their wives, may be compelled to make partition between them of such lands, tenements, and hereditaments by writ of partition or bill in equity." See *Calland* v. *Conway*, 14 R. I. 9.

We are, therefore, of the opinion that the complainant is entitled to partition, as prayed.

*Edwards & Angell*, for complainant.

*Tillinghast & Tillinghast, John Henshaw, and Isaac H. Southwick, Jr.*, for respondents.