THOMSEN et al. v. THOMSEN.

No. 31893. Jan. 29, 1946.

Rehearing Denied March 5, 1946.

*166 P. 2d 417.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiffs in error.

Dudley, Duvall & Dudley, of Oklahoma City and G. L. Reese, Sr., of Roswell, N. M., for defendant in error.

RILEY, J. Jennings F. Thomsen and Lulu T. James appeal from a judgment against them as plaintiffs and favorable to Lillian Jackson Thomsen, denying partition of real estate located in Oklahoma City. The real estate involved consists of two business properties located on Grand avenue and Main street, described as lots 9, 10, and 11,

block 62, and lot 29, block 51, Original Plat, respectively.

Plaintiffs each claim ownership of 5/12 interest and it is admitted defendant owns a 2/12 interest in each property. Defendant disputes the extent of plaintiffs' ownership and contends that plaintiffs' interest in the properties includes a trust by reason of which the judgment denying partition extending to the whole interest is based upon equitable considerations justifying affirmance.

Title to the properties is deraigned from a common source, i.e., from the estate of Sophia Thomsen, deceased, and by deeds from Gosche Thomsen, Sr., to plaintiffs and Gosche Thomsen, Jr., whereby plaintiffs and Gosche Thomsen, Jr., became owners of an undivided one-third interest in each of the properties. Thereafter, on November 20, 1942, Gosche Thomsen, Jr., died seized of said undivided one-third interest.

By will admitted to probate, Gosche Thomsen, Jr., devised in trust the properties involved, to plaintiffs and defendant as trustees, during the life of defendant, the wife of testator. Defendant declined to act as trustee and plaintiffs were appointed executors. By terms of the will, the trustees were to manage the properties. They were denied power to sell. All income therefrom was directed to be paid defendant except one-half of the income from deceased's one-third interest in the Main street property which was to be devoted to taxes, upkeep, and repair of all properties of the trust, the surplus, if any, to be added to the corpus of the estate. Upon the death of defendant, the real estate and accumulated income were to vest one-half in plaintiff James if living, otherwise in her son Lay Thomsen Dutcher if living, otherwise in plaintiff Jennings F. Thomsen if living, otherwise in his son William Farnsworth Thomsen. The other one-half was to go to plaintiff Jennings F. Thomsen if living, if not, to his son William Farnsworth Thomsen if living, otherwise to plaintiff Lulu T. James if living, otherwise to her son Lay Thomsen Dutcher.

Defendant elected to take under the law. The county court by decree set over to defendant an undivided one-half interest in the one-third interest in the property owned by deceased testator. Also, by final decree, the county court set over to plaintiffs each a one-fourth interest in the one-third interest. Defendant contends the decree of the county court is void on its face in that it undertakes to distribute property in violation of provisions of the will.

It is contended by defendant that the will was not made for the sole benefit of defendant and that defendant's renouncement of the will and election to take under the law nullified only that portion of the will applying to her but without impairment as to other beneficiaries named in the will, as in Dixon v. Dixon, 191 Okla. 139, 126 P. 2d 1020:

"In such case the will is properly admitted to probate, but decree of distribution is to be made to the surviving spouse under the law of succession and to all others under the will."

As suggested in the brief of plaintiffs in error, "the controversy must hinge around their claim to ownership of a one-half interest each in these two properties in Gosche Thomsen, Jr.,'s estate under the final decree".

The question in this case is whether, under the admitted facts, the rule of acceleration applies. In 33 Am Jur. 622, it is stated:

"The most familiar case of the acceleration of a remainder is where a widow who has been given a life estate by the will of her husband renounces and elects to take her dower or statutory allowance instead. In such a case, the remainder is ordinarily accelerated to take effect as if the widow had died."

It has been held that when a testator gives an estate for life to his widow with remainder over and his intention is shown by express terms or by neces-

sary implications that the remainder shall not take effect until the death of the widow, the remainder will not be accelerated although the widow renounces the provisions made for her in the will. Cassidy v. Padgett, 99 Ind. 239, 190 N. E. 133. The contention of defendant in this case appears to be that since the will of Gosche Thomsen, Jr., gave a life estate in the property to his wife with remainder over as hereinafter set out, there were created a number of contingent remainders and until the death of the life tenant, Lillian Jackson Thomsen, there could be no way to determine who the ultimate remainderman would be as to either half of the estate, and therefore plaintiffs had no absolute title to the one-half of the one-third interest in the property and were therefore not entitled to have partition. The trial court apparently so held.

The contention of plaintiffs is that by the election of the widow to take under the law and against the will, the attempted life estate in the widow failed in its inception, and that by reason of the failure of the life estate, the remainders were accelerated. It is said to be impossible to reconcile the decisions bearing upon that question. American Nat. Bk. v. Chapin, Trustee, 130 Va. 1, 107 S. E. 636, 17 A.L.R. 304. The doctrine of acceleration is, according to the great weight of authority, a rule of interpretation and is to be applied so as to effect and not defeat the testator's intent. 33 Am. Jur. 624.

In Re Disston's Estate, 257 Pa. 537, 101 Atl. 804, it is held:

"In the construction of a will the effort is to find and carry out the testator's chief intent with a minimum disturbance of the general plan of the will."

In the body of the opinion, it is said:

"After his wife, the testator's children were the natural and primary objects of his bounty, not their issue, and the alternate provisions for others, after the testator's children, were undoubtedly intended as substitutionary, in case

the latter died during the life of their mother, should she take under the will; but, as said by Mr. Justice Mitchell, in Vance's Estate, supra, 141 Pa. 209, 21 Atl. 643, 12 L.R.A. 227, 23 Am. St. Rep. 267, a testator is presumed to know that a widow's statutory rights are paramount, and that she may take against his will; to which we now add that a testator is presumed to know also the general rule that the election of a widow to take under the intestate laws is equivalent to her death, and that, unless his will plainly indicates a contrary intent, remainders are accelerated accordingly."

In Roe v. Doe, 5 Boyce (Del.) 546, 93 Atl. 373, it is held:

"The principle of acceleration in the vesting of a remainder, because of the premature termination of the preceding life estate, rests upon testamentary intention, and is applied only when it promotes that intention."

"Where it appears from a will that the possession of the remainderman was postponed solely for the benefit of the testator's widow, who was given a life estate, it is presumed that, on her renunciation of the life estate, the remaindermen are entitled to enter enjoyment at once." Idem.

The general rule appears to be that where a testator creates a life estate in his widow, and the law gives the widow the right to elect whether to take under the will or under the statute, the law charges the testator with knowledge of the right of the widow to so elect and it will be presumed that the intention of the testator was that the election of the widow to take her share of the estate under the intestate laws in lieu of the life estate given her in the will is, in legal contemplation, equivalent to her death. American Nat. Bk. v. Chapin, supra. Therein it is said to be the general rule that where a life estate in the widow is created by will and the widow renounces the life estate and elects to take under the intestate statutes, the life estate never comes into existence. A great many cases are cited and reviewed in American Nat. Bk. v. Chapin, supra, on the

question of acceleration, and it was there held:

"The election of a widow to take her share of the estate in lieu of a life estate which has been created, with remainder over to such of testator's children as may be living at her death and the issue of such as may be then dead, accelerates the remainders, whether they are vested or contingent, and it is immaterial that testator made no provision to meet the contingency of such election."

In support of this holding, cases are cited from Kentucky, Alabama, Maryland, Michigan, New Hampshire, North Carolina, Pennsylvania, and Tennessee. In Rench v. Rench, 184 Iowa, 1372, 169 N.W. 667, it is held:

"Where will gives widow life estate in all the property, such life estate is terminated by a rejection of the will, and remaindermen take the property just as though the death of the widow had occurred at the time of the rejection, unless the will by its terms discloses a contrary intention."

There are cases to the contrary, and we are not unmindful of the holding in Foreman Trust & Sav. Bk. v. Seelenfreund, 329 Ill. 546, 161 N. E. 88, 62 A. L. R. 201, and the cases cited therein. The great weight of authority is that the doctrine of acceleration of remainder proceeds upon the supposition that although the ultimate devise is in terms not to take effect in possession until the death of the life tenant, yet in point of fact it is to be read as a limitation of the remainder to take effect in every event which removes the prior estate out of the way and is applied in promotion of the presumed intention of the testator, and not to defeat his intention. Sherman v. Flack, 283 Ill. 457, 119 N. E. 293, 5 A. L. R. 456. In the case before us, as was said in American Nat. Bk. v. Chapin, supra, it is clear from the will that it was the leading intent of the testator to make provision for his wife. This intent is expressed in the last paragraph of the will, which provides:

"It is the intention of this will that my wife, Lillian Jackson Thomsen, shall receive all of the income from the property placed in trust during her lifetime except that part of the trust income set apart for the payment of taxes, insurance, upkeep and repairs, and at her death the real estate and any accumulated income shall pass to the parties hereinabove mentioned."

From this, it appears that the life estate was created for the benefit of the widow and not for any independent purpose of postponing the division of the estate.

By defendant's election, the effect was that the interest of plaintiffs became vested. "Her election was, so far as the rights of the remaindermen were concerned, equivalent to her death." Eastern Trust & Bank Co. v. Edmunds, 133 Me. 450, 179 Atl. 716.

In Kansas, Tomb et al. v. Bardo et al., 153 Kan. 766, 114 P. 2d 320, it was held:

"By the election of the widow to take against the will the attempted life estate of the widow failed in its inception; that by reason of the failure of the life estate the remainders were accelerated . . . ."

In Re McIlhattan's Will, 194 Wis. 113, 216 N. W. 130. The widow's right under the will was forfeited by such election and it was held:

"When the purposes for which the trust shall have been created shall have ceased, the estate of the trustee shall also cease."

Title 60, sec. 151, O. S. 1941, provides:

"When the purpose for which an express trust was created ceases, the estate of the trustee also ceases."

In Re Walker's Estate, 179 Okla. 442, 66 P. 2d 68, it was said:

"In the ordinary case, where there is a life estate and a remainder over in fee, and the life tenant elects to take under the statute, such election sometimes has the effect of accelerating the vesting of the remainder in the remainder man."

As the facts are, the life estate never came into existence.

The testator, being charged with knowledge that the law gave the widow the absolute right to renounce the will and take under the statute, knew that a renunciation by her would completely cut out the life estate which he was creating and upon which the contingencies as to the interest of the brother and sister depended. With this possibility in necessary contemplation, he made no provision to meet it. The necessary result is that he must have intended that the renunciation should have the effect of eliminating the period of her lifetime as a factor in the estate of Lulu Thomsen James and Jennings F. Thomsen. After his wife, the testator's brother and sister were the primary objects of his bounty, and not the nephews, Lay Thomsen Dutcher and William Farnsworth Thomsen, and the alternate provisions as to them, after the brother and sister, were undoubtedly intended as substitutionary in case either the brother or sister, or both, died during the life of the widow, should she take under the will. In Re Disston's Estate, supra.

Defendant cites Freeland v. Anderson, 114 Neb. 822, 211 N. W. 167; Crossan v. Crossan, 303 Mo. 572, 262 S. W. 701, and Waldon v. Baker, 184 Okla. 492, 88 P. 2d 352, as supporting her contention.

The Nebraska case is not applicable for the reason that in that case the widow did not renounce the will which gave her a life estate, but accepted under it. The interests of the remaindermen were likewise derived from the will. Partition was sought and the widow joined in support thereof. Partition would have deprived the widow of the life estate which she had already accepted and would have destroyed that which was clearly intended by the testator.

The Missouri case is not in point for the reason that in that case the testator intended to give to his widow one-third of the income from all the property, except that otherwise disposed of, and to give to his children the other two-thirds of that income. The evident intent was to hold the estate together until the death of the widow, not wholly for her benefit, but for the benefit of the children as well. It was held that the renunciation by the widow nullified the will as to her alone and did not defeat the rights of the other devisees. That is a case coming within one of the exceptions to the general rule of acceleration pointed out in Re Disston's Estate, supra. The trust was continued to protect the two-thirds of the income given to the children. If in this case Lulu Thomsen James, the sister, and Jennings F. Thomsen, the brother, or either of them, had been given a part of the income from the property for the life of the widow, the rule stated in the Crossan Case would apply.

Waldon v. Baker, supra, is not in point. All that case holds is that judicial partition of a life estate in lands among tenants in common thereof is without force or effect to partition the contingent estates in remainder limited upon the respective interests in the life estate. The rejection of the will by the widow was not involved in that case.

Defendant, in support of the judgment, asserts that because she owns only a one-sixth interest in the property involved and that plaintiffs together own the other five-sixths interest, and she would be unable to take the property at the appraised value and pay for same, while the plaintiffs would be able so to do, it would be inequitable and unjust to allow partition and thus deprive defendant of substantial income which she would not receive by reinvestment of the money which would be paid to her through partition. In this connection, defendant cites Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335, and points out that therein this court said:

"Generally the right of partition is absolute, but the court is vested with sufficient discretion in denying or

awarding partition of oil and gas rights to prevent remedy from becoming an instrument of fraud and oppression."

The statement so made related to partition of oil and gas rights and in connection therewith the court further said:

"Denial of the remedy of partition can only be justified in the most extreme cases . . ."

The court indicated situations which would constitute "extreme cases" in partitioning oil and gas rights as where upon approach of development, the right of partition might be used as a means of foreclosing through sale the interests of the royalty holder of limited means. In respect to the application of the rule, it is then said:

"Of course, inability of a cotenant to purchase should not constitute a defense under ordinary circumstances, that is, in the absence of approaching development or rapidly increasing values."

In the instant case, we have no such situation in that partition of oil and gas rights is not involved and there is no evidence of "rapidly increasing values".

The record contains evidence tending to show that a short time before the date set for hearing in the county court on the petition for distribution in the Gosche Thomsen, Jr., estate, defendant went to the office of the attorney for the executors, who had apparently prepared a proposed final decree of distribution, and upon examination thereof, defendant suggested that the decree should have a provision that the rentals accruing under existing leases should be paid directly by the lessees, five-sixths each to Lula Thomsen James and Jennings F. Thomsen and one-sixth to defendant, Lillian Jackson Thomsen, each to pay in proportion to his respective interest all taxes and necessary repairs. For some reason it was decided not to put that provision in the final decree but to provide therefor in a separate written agreement to be signed by plaintiffs and defendant. Thereupon the attorney for the executors prepared the written agreement and it was signed in duplicate by defendant, Lillian Jackson Thomsen. There is evidence tending to show that Jennings F. Thomsen was present and assented to the agreement at the time it was prepared but did not sign it and that the proposed agreement was given to him to give to his sister Lulu Thomsen James for her signature, and that the next day, before the final decree of distribution was presented to the county judge for his approval and signature, defendant inquired whether everything had been signed and was ready and that she was answered in the affirmative. Thereupon the decree of distribution, without any mention of division of rentals, was presented to and signed by the county judge. The record further indicates that Lulu Thomsen James, when the agreement was presented to her for signature, declined to sign same, and that Jennings F. Thomsen likewise refused to sign. This is, in part, explained by Jennings F. Thomsen to be because both he and his sister construed the agreement as written to provide for the payment to defendant of one-half of all the rentals accruing under the leases, instead of one-half of one-third thereof. It further appears that thereafter the parties, by correspondence, put the agreement into effect so as to provide for the payment directly to defendant of her one-sixth part of the rentals. Defendant now asserts that the agreement, though not signed by plaintiffs herein, was thereby ratified and that said agreement postpones the partition of the property in any event until the expiration of the existing leases. With this contention, we cannot agree. There is no mention of postponement of partition therein. Had the agreement been signed, or had its provisions been inserted in the final decree of distribution, it would not have prevented or postponed partition.

Plaintiffs assert that the final decree of distribution made by the county court, not having been appealed from, became final and binding upon all the parties

and may not be attacked collaterally. This assertion is met by defendant with the counter-assertion that the county court was without power to distribute the estate contrary to the terms of the will and that any decree having that effect would be, and in this case is, void.

Since we hold that the decree of distribution was not contrary to the will, but in accord with the intention of the testator, we need not discuss these contentions.

When the widow, Lillian Jackson Thomsen, renounced the will and elected to take under the statute, title to one-half of the one-third interest in the properties owned by Gosche Thomsen, Jr., at the time of his death vested in her as of the date of the death of the testator, and title to the other one-half of said one-third interest immediately vested in plaintiffs under the will and they are entitled to partition.

Reversed.

GIBSON, C.J., and B A Y L E S S, WELCH, CORN, and DAVISON, JJ., concur. HURST, V.C.J., and OSBORN, J., concur in conclusion.