SILVIO A. BIANCHINI *vs.* LORETTA BIANCHINI.

AUGUST 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a bill in equity for partition. The superior court after a hearing on bill, answer and proof entered a decree granting the prayers of the bill, and the cause is now before us on the respondent's appeal from the entry of that decree.

The facts as disclosed by the evidence are not in serious dispute. The parties are husband and wife who had been married for twenty-four years but had been living apart for three years when the trial below was had. They held the title as joint tenants to the parcel of real estate sought to be partitioned. The property, which is situated in the

town of Johnston in this state, is a lot upon which is a cottage which was built in 1941 at a cost of approximately $8000. There is a mortgage thereon, the unpaid principal of which at the time of the hearing in the superior court was in the vicinity of $4000. The complainant is making monthly payments on the mortgage indebtedness which cover interest, taxes, insurance, and installments on the principal. Prior to the separation of the parties the property was the home of the family. The respondent is now living in the house with her married daughter, the latter's husband and their child.

The complainant argues that in the circumstances appearing herein he was entitled as a matter of law to the partition of the property in question and that the decree entered by the trial justice was correct. On the other hand, in support of her contention that the superior court was in error in ordering the property to be partitioned by sale the respondent urges that the complainant had no such legal right to have the joint property partitioned in that manner; that under the pertinent statutes of this state the trial justice had a discretion in respect to ordering a sale of the property; that he abused this discretion in entering the decree appealed from in view of the present record; and that *Kelley* v. *Kelley*, 51 R. I. 173, is decisive in her favor of the issue raised in the instant cause. These are the defenses made by the respondent to the complainant's bill.

We shall consider the *Kelley* case first, because of the respondent's view of the scope of the opinion therein. After examination we conclude that such case is clearly distinguishable from the instant case and that it is not decisive of the issues raised herein. The *Kelley* case is a law action of trespass and ejectment brought by a wife who was living apart from her husband, a doctor, seeking to eject him from the house owned by her and in which they had previously lived together as man and wife. This court sustained the action of the superior court in directing

a verdict for the defendant. In its opinion the court discussed the meaning and effect of the pertinent statutes of this state and certain cases thereunder in relation to the control given married women in the management of their own separate property.

Near the end of the opinion the court made a reference in general terms to the fact that the law favors the marital relation and the permanency of the family. In that connection the following comment is relied on by the respondent: "Neither husband nor wife without lawful cause so long as the marital relation exists can exclude the other from the home they have established by mutual and voluntary choice." In our opinion that sentence must be read in the light of the case then before the court, *viz.*, an action of trespass and ejectment. The court indicated this when it said at page 177: "The relief sought in the case at bar consists not only of putting the wife in possession but in expelling the husband from his wife's house which is the lawful home of both husband and wife."

In the present bill in equity, however, the complainant is not seeking to expel the respondent from the property in question or to be put into exclusive possession thereof himself. He is asking, under the appropriate statute, for a sale of the property so that their joint tenancy may be terminated and their admitted respective shares therein may be lawfully ascertained and distributed. The primary object of this proceeding and the one in the *Kelley* case are thus fundamentally different. In our judgment the above references in the last-named case to the marital relation and the home are not controlling in the case at bar, and the mere fact that the property sought to be partitioned was previously the family home of the parties does not of itself, as the respondent contends, prevent partition being ordered in a proper case. This court has heretofore ordered partition between husband and wife of property comprising the family home, although in those cases any question in respect to such use of the property was not directly raised

or passed upon. See *Larocque* v. *Larocque,* 74 R. I. 72; *Kahnovsky* v. *Kahnovsky,* 67 R. I. 208; *Van Ausdall* v. *Van Ausdall,* 48 R. I. 106.

In this state partition is governed by statute. General laws 1938, chapter 586. The material sections of that chapter are as follows: "§ 2. All joint tenants, coparceners and tenants in common, who now are or hereafter may be actually seised or possessed of any estate of inheritance in any lands, tenements or hereditaments, may be compelled to make partition between them of such lands, tenements and hereditaments, by writ of partition or bill in equity. * * * §16. In suits in equity for partition, the superior court may, in its discretion, upon motion of any party to such suits, order the whole premises sought to be divided, or any particular lot, portion or tract thereof or the interest of the plaintiff or plaintiffs or of the defendant or defendants in the whole premises, or in any particular lot, portion or tract thereof, to be sold, either at public auction or by private contract, under the direction of the court, by the commissioner or commissioners appointed to divide or sell the same: *Provided,* that if sale be made by private contract, such sale shall not be made for less than the sum fixed by the court in its decree authorizing such sale by private contract."

The respondent does not question the finding of the trial justice that the property in question cannot be partitioned by metes and bounds. In making his decision the trial justice held that in view of such finding neither §16 nor the case of *Lannon* v. *Lannon,* 40 R. I. 60, which had been cited to him by the parties was applicable. In granting the prayers of the bill he apparently relied principally on the specific language contained in §2, particularly the following: "All joint tenants * * * may be compelled to make partition between them * * *." In support of such decision and in maintaining his own contention that partition here is a matter of right and that the discretion mentioned in the statute referred merely to how and not whether partition should

34

be made, the complainant has called our attention to the case of *Updike* v. *Adams,* 22 R. I. 432, in which partition was granted, and especially the following language used by the court at page 434 of its opinion: "Partition in equity, where there are no legal objections to the complainant's title, is a matter of right and not discretionary with the court." An examination of that case, however, shows that the only mode of partition prayed for in the bill was by metes and bounds, which evidently was feasible, and that the court there also relied strongly on the language of §2.

Upon consideration we are of the opinion that the trial justice was in error in finding that the complainant could as a matter of right, in the circumstances appearing herein, compel partition of the instant premises by sale, and that §16 and *Lannon* v. *Lannon, supra,* were not applicable. In our opinion that section and that case are both controlling herein. It is clear that to give effect to both §§2 and 16 they must be read together to determine their intent and meaning. Further, although this court in *Lannon* v. *Lannon, supra,* on the facts appearing therein, refused to allow partition by sale because a division of the property by metes and bounds was practicable, nevertheless carefully construed the two above sections with which we are now concerned. In regard to §2 the court stated at page 62 of its opinion: "This section solely contemplates a partition by metes and bounds." As to §16 the court on the same page used the following language: "The intent of the statute is to provide in the first instance for the partition of realty by metes and bounds, giving to each owner therein his fair and equitable portion of the same, but in the event of its not being practicable to make such a division, *and in that event only,* the court may *in its discretion* order a sale of property and a division of the proceeds." (italics ours)

It is plain therefore that under the construction placed upon the above sections by the court in the *Lannon* case, §2, which was chiefly relied on by the trial justice in reaching his conclusion that the complainant was entitled to parti-

tion as a matter of right, does not apply in the present cause since partition here admittedly cannot be made by metes and bounds. In such circumstances this cause is controlled by the provisions of §16. That section provides in substance that in a suit in equity for partition the superior court in its discretion may order the premises or any part thereof to be sold. It is clear that the trial justice, in decreeing partition by sale in the instant cause, did not exercise his discretion. He did not pass upon the facts involved in order to reach his decision in that regard, since he considered that he was proceeding under §2 as if this cause concerned only a partition by metes and bounds and thus was a matter of right. In failing to so act it is our opinion that he was in error. In determining whether or not partition by sale should be made herein it was his duty under §16 to exercise his sound judicial discretion, taking into consideration all the facts and circumstances in evidence. Such discretion would be reviewable by this court only on the ground that its exercise had been abused.

Ordinarily we make a final disposition of equity causes which have been fully tried in the superior court and are before us on appeal. In the present cause, however, since §16 expressly places on the superior court the duty, in the first instance, of exercising its discretion in respect to ordering a sale of the property where partition thereof is sought, we deem it our duty to remand this cause to that court for the sole purpose of having the same justice who heard it there exercise his sound judicial discretion on the present record in determining whether or not a partition by sale should be ordered, and for the entry of a new decree accordingly. Such action by us is not to be considered in any manner as indicating an approval or disapproval on the merits of the decree heretofore entered by such justice. It is taken because it is apparent from the trial justice's decision that he granted partition to the complainant as a matter of right, as if it were under §2, rather than as a result of the exercise of his discretion under §16, after a

consideration of all the facts and circumstances in evidence.

The respondent's appeal is sustained, the decree appealed from is vacated, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Joseph Mainelli,* for complainant.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, DiMascolo & DiPetrillo, Anthony DiPetrillo,* for respondent.