367 A.2d 701.

Rose De Bartolo *vs.* Ralph Di Battista.

DECEMBER 21, 1976.

Present: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

Doris, J. This is a civil action by the plaintiff against her former husband seeking partition of certain real estate. After hearing, a Superior Court justice, sitting without a jury, entered a decree denying the petition. The cause is now before us on plaintiff's appeal from the entry of that decree.

The record indicates that the real estate sought to be partitioned is located in North Providence and is owned by plaintiff and defendant as tenants in common. The plaintiff and defendant, who were formerly husband and wife, purchased the real estate in 1958 and were divorced in 1965. It further appears that plaintiff left the state in 1963 and the one-family dwelling located on the property was occupied by defendant and the children of the parties until 1974. At that time the last of the three children of the marriage left the family home due to his own marriage, and thereafter the home was occupied solely by defendant. At the time of the hearing, wherein it was stipulated that the property cannot be divided by metes and bounds, plaintiff was 57 years of age and defendant 60 years of age.

The plaintiff testified that she had never received any rent or profit from the property, nor had she demanded rent until January 1975. She stated that after 1963 she had not made any of the tax or mortgage payments nor paid for any of the repairs, but that prior to 1963 she had paid for all the household expenses. The plaintiff further stated that she had remarried and at the time of the hearing her husband was employed and she was unemployed.

The defendant testified that since 1963 he had paid the mortgage, taxes and insurance on the property. He stated

that he had paid for painting the house, the installation of a new bathroom, new ceilings, new panelling, new gutters and the cost of a new sewer line. The defendant further testified that he is totally disabled and on full disability pension and that his left hand is atrophied and unusable. At the time of the hearing, there was an outstanding mortgage on the property in the amount of $600.

The trial justice found that the property was not capable of being divided by metes and bounds and, citing *Bianchini* v. *Bianchini,* 76 R.I. 30, 68 A.2d 59 (1949), denied the petition. In his decision the trial justice after reviewing the evidence concluded that it "would be most inequitable to sell this property at this particular time."

The plaintiff first contends that a petition to partition is a matter of right and that the discretion mentioned in G. L. 1956 (1969 Reenactment) §34-15-16[1] refers merely to *how* and not *whether* partition should be made. The plaintiff citing *Updike* v. *Adams,* 22 R.I. 432, 48 A. 384 (1901), states that ordinarily, a tenant in common can enforce partition where no legal objection exists to complainant's title, even though the result would work hardship on defendant since partition is a matter of right and not discretionary.

However, where division by metes and bounds is not

---

[1]General Laws 1956 (1969 Reenactment) §34-15-16 reads as follows:

"Order of sale.—In actions for partition, the superior court may, in its discretion, upon motion of any party to such actions, order the whole premises sought to be divided, or any particular lot, portion or tract thereof or the interest of the plaintiff or plaintiffs or of the defendant or defendants in the whole premises, or in any particular lot, portion or tract thereof, to be sold, either at public auction or by private contract, under the direction of the court, by the commissioner or commissioners appointed to divide or sell the same; provided, that if sale be made by private contract, such sale shall not be made for less than the sum fixed by the court in its decree authorizing such sale by private contract."

practicable, the court has discretion as to whether partition shall be ordered. *Bianchini* v. *Bianchini, supra; 'Lannon* v. *Lannon,* 40 R.I. 60, 99 A. 819 (1917). The plaintiff's contention that she was entitled to partition as a matter of right in the circumstances here is without merit.

Alternately, plaintiff argues that the trial justice abused his discretion in denying partition inasmuch as the parties had been divorced since 1965, and that there was no marital relationship to preserve. She states that all of the children of the marriage have attained majority and are not living in the home. This is quite different she argues from *Bianchini* v. *Bianchini, supra,* which was relied on by the trial justice. In *Bianchini* where we held that the trial court should not have granted partition as a matter of right, but should have exercised its discretion after hearing all the facts and circumstances, the facts being that the parties were separated for three years and not divorced, and that the house was occupied by the wife with her married daughter and the daughter's husband and their child.

In this case she argues there is no family relationship to preserve, and no children living in the former family home which is the sole abode of a tenant in common who was the former husband of the other tenant in common to whom his ex-wife owes no duty to support. She further argues that it is not right and equitable to take property from one cotenant and to give it to another by a perpetual right of occupancy or to require a cotenant to supply housing to a former husband to whom she owes no duty of support and thereby deprive her of the right to enjoy full benefit of her property rights.

The defendant contends that the trial justice had the opportunity to observe the witnesses and hear the testimony and after so doing in making his decision reviewed the evidence. He points out that it is well-settled that the

findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Raheb* v. *Lemenski,* 115 R.I. 576, 350 A.2d 397 (1976); *Barattini* v. *McGovern,* 110 R.I. 360, 292 A.2d 860 (1972); *F.D. McKendall Lumber Co.* v. *Buratti,* 107 R.I. 158, 265 A.2d 732 (1970).

A petition for partition where the property is not capable of partition by metes and bounds is addressed to the sound judicial discretion of the trial justice who is required to consider all facts and circumstances in evidence before granting partition. *Bianchini* v. *Bianchini, supra;* §34-15-16. However, the general rule is that inconvenience or difficulty in making the partition or hardship or substantial loss or injury to some or all of the parties does not affect the right to partition. See 68 C.J.S. *Partition* §48 (1950); *De Roulet* v. *Mitchel,* 70 Cal.App.2d 120, 124, 160 P.2d 574, 576 (1945); *Henkel* v. *Henkel,* 282 Mich. 473, 481, 276 N.W. 522, 524-25 (1937); *Thomsen* v. *Thomsen,* 196 Okla. 539, 543-44, 166 P.2d 417, 421-22 (1946).

To say, however, that the question is addressed to the trial justice's discretion does not mean that his ruling is not reviewable. What it does mean is that the ruling will be sustained provided the discretion has been soundly and judicially exercised, that is, if it has been exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action, *Colitz* v. *Gilbert,* 53 R.I. 319, 320-21, 166 A. 685, 686 (1933), and not arbitrarily or wilfully, but with just regard to what is right and equitable under the circumstances and the law. *Strzebinska* v. *Jary,* 58 R.I. 496, 500, 193 A. 747, 749 (1937). The decision of a trial court made in exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised

or that there has been an abuse thereof. *Berberian* v. *Travisono,* 114 R.I. 269, 332 A.2d 121 (1975).

It is apparent that the trial justice's finding that the granting of partition in the circumstances here would be most inequitable at the present time, was based on the fact that partition would result in hardship or inconvenience to defendant.

Here, although the trial justice apparently considered the hardship to the defendant, in our opinion he clearly failed to fully consider the right of the plaintiff to enjoy full benefits of her property and therefore abused his discretion in denying the plaintiff's petition.

The plaintiff's appeal is sustained, the decree appealed from is vacated and the cause is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino did not participate.

*George Ajootian,* for plaintiff.

*Robert S. Ciresi,* for defendant.