Anthony J. DeLISI

v.

Lucia CAITO et al.

No. 80–84–Appeal.

Supreme Court of Rhode Island.

July 19, 1983.

Lawrence L. Goldberg, Pawtucket, for plaintiff.

Raul L. Lovett, Providence, for defendant; Mark A. Sjoberg, Providence, on brief.

## OPINION

MURRAY, Justice.

This is an appeal from a Superior Court judgment that granted the plaintiff's petition to partition real estate by sale. The trial justice authorized the plaintiff to sell the property and to pay the net proceeds into the registry of the court until final adjudication of the matter. The defendant now appeals from that judgment.

On July 10, 1979, plaintiff, Anthony J. DeLisi, filed a complaint for partition by sale of real estate located in Providence, Rhode Island. He brought the suit in his capacity as administrator of the estate of the late Gaetano Lancellotti and guardian of the person and estate of Gaetano's widow, Angelina Lancellotti. All of the named defendants were heirs of Gaetano Lancellotti.

During their lives together, Gaetano and Angelina Lancellotti owned a two-story dwelling as joint tenants. On July 20, 1960, the Lancellottis executed a joint will. Gaetano died in July of 1966 and the will was probated on May 24, 1977. Prior to the will being probated, Angelina had executed certain deeds to the real estate in an attempt to convey the property to one of her sons, Enrico Lancellotti. In *Lancellotti v. Lan-*

*cellotti,* 119 R.I. 184, 377 A.2d 1315 (1977), the court declared those deeds null and void because, under the contractual terms of the Lancellottis' joint will, the joint tenancy was severed and a vested life estate in Angelina was established, with a remainder to the children.

On August 16, 1977, the Providence Probate Court appointed Mr. DeLisi as administrator *de bonis non cum testamento annexo* of Gaetano's estate and guardian of the person and estate of Angelina.[1] The trial justice noted that the administrator had never been in possession of any personal property. He also found that there was no money available from the estates to support Angelina or to maintain the property.

Mr. DeLisi testified that he requested the Lancellottis' son, Enrico, who was then residing in the house in question, to pay rent or vacate. Enrico vacated, and the house has remained unoccupied ever since. After paying the heating bill for one month, Mr. DeLisi had the heat turned off and the water pipes drained. Mr. DeLisi testified that the insurance on the house was also canceled because the house was vacant. Property taxes amounting to approximately $5,000 had not been paid, and the city of Providence had sent notice of an impending tax sale. Testimony was offered showing that renting the property in its present condition would be difficult. In any event, the trial justice found that the suggested income would be insufficient to meet obligations of taxes, maintenance, and other incidental expenses.

In 1978 the house was appraised at approximately $35,000. Mr. DeLisi testified that he had previously filed a petition in Probate Court to sell the property, which petition was apparently denied. He subsequently initiated the present action.

A Superior Court justice sitting without a jury heard this matter on December 3 and 4, 1979. The trial justice opined that

"irreparable harm will result both to the decedent's estate and to the guardianship estate unless the Court authorized the sale of this property promptly."

Judgment was entered on January 11, 1980, granting the petition for partition, appointing Mr. DeLisi commissioner to sell the real estate, and ordering payment of the proceeds into the court registry for later distribution. Notice of appeal by defendant Harry Lancellotti, also known as Enrico Lancellotti, was filed on January 28, 1980.[2]

The sole question before us is whether or not the trial justice erred by ordering that the land be partitioned by sale.

■ The defendant first contends that plaintiff cannot maintain the present action because Angelina and defendant are not cotenants. Although we admit that cotenancy was generally a requirement at common law, the present action is based upon G.L.1956 (1969 Reenactment) § 34–15–16, which gives the trial justice the broad discretionary power to order a sale. Similarly, § 34–15–20, which allows partition to be made between fee holders and those who hold for life or in reversion or remainder, does not require the parties to be cotenants. Therefore, we find that the trial justice did not err by allowing plaintiff to maintain the present action even though no cotenancy existed.

■ The defendant next contends that plaintiff should have petitioned the Probate Court pursuant to G.L.1956 (1969 Reenactment) § 33–15–32, which reads in pertinent part:

"If the personal property in the hands of the guardian is insufficient to pay the debts of his ward * * * and the expense of supporting him * * * the guardian may be authorized by the probate court to sell, or to mortgage for an amount

---

1. At the time of trial, Angelina was in a nursing home. She was supported by the state with minimal assistance from monthly social security payments.

2. Since the filing of appeal, the original plaintiff, Mr. DeLisi, has died, and his attorney, Lawrence Goldberg, has been substituted for him in all relevant capacities.

decreed, the real estate of his ward or any interest therein for that purpose. A guardian may also be authorized to sell the real estate of his ward or any interest therein for the purpose of making a better investment or for any other purpose."

The defendant also cites the following portion of § 33–19–3 to support his contention:

"The probate court which issued letters * * * of * * * guardianship may grant authority to * * * a guardian to sell the real estate of his ward, upon a petition filed describing the particular estate to be sold and setting forth the facts on which the petition is founded."

In the present case, plaintiff is not simply attempting to sell Angelina's interest in the property, that is, her life estate. Rather, he is attempting to have both the life estate and the remaindermen's interest partitioned by sale. Although G.L.1956 (1969 Reenactment) § 8–9–9 gives the Probate Court the authority to partition the real estate of a deceased person [3], we find no statutory authority that gives the Probate Court the power to partition by sale a ward's life tenancy and an heir's remainder interest. Absent the necessary statutory authority [4], we find that the Probate Court was not the proper forum for the resolution of this dispute.[5]

The statutory authorization for the trial justice's action is § 34–15–16:

"Order of sale.—In actions for partition, the superior court may, in its discretion, upon motion of any party to such actions, order the whole premises sought to be divided, or any particular lot, portion or tract thereof or the interest of the plaintiff or plaintiffs or of the defendant or defendants in the whole premises, or in any particular lot, portion or tract thereof, to be sold, either at public auction or by private contract, under the direction of the court, by the commissioner or commissioners appointed to divide or sell the same; provided, that if sale be made by private contract, such sale shall not be made for less than the sum fixed by the court in its decree authorizing such sale by private contract." [6]

In *De Bartolo v. Di Battista,* 117 R.I. 349, 367 A.2d 701 (1976), we stated that a trial justice's ruling ordering a sale will be sustained "if it has been exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action * * *." In addition, the decision of a trial court made in exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof. *Id.* at 353–54, 367 A.2d at 703.

■ The facts before us indicate that the house is vacant, uninsured, and generally not in a condition to be rented unless certain improvements are made. In addition, the city of Providence has sent plaintiff a notice of an impending tax sale because property taxes amounting to approximately $5,000 have not been paid. The plaintiff testified that the estate of Angelina Lancellotti has no funds available for maintenance or to pay the costs involved in selling the property. In light of this fact we believe

---

**3.** In *Hyszko v. Barbour,* R.I., 448 A.2d 723 (1982) we held that although G.L.1956 (1969 Reenactment) § 8–9–9 empowers the Probate Court to partition the real estate of deceased persons, this power is by the terms of G.L.1956 (1969 Reenactment) § 33–3–1 limited to instances in which the deceased has died intestate, the "debts, charges, and expenses of settling the estate" have been paid, and a written application for partition has been submitted to the Probate Court.

**4.** The Probate Court derives its jurisdiction wholly from statute. *Trustees of House of the*

*Angel Guardian, Boston v. Donovan,* 71 R.I. 407, 46 A.2d 717 (1946).

**5.** We think it ironic that defendant alleges that plaintiff committed waste and yet defendant would have the property continue in its present state while this matter was being litigated in the Probate Court.

**6.** This provision is considered to be one of the more liberal laws of its kind in that it grants to the court the power to use its own good judgment. *See* Charney, *Partition in the Modern Context,* 1967 Wis.L.Rev. 988, 993 n. 21 (1967).

that the trial justice's decision to order the property to be sold was the only equitable solution to the problem. This court cannot think of any party who would benefit from the house's continuing in its present vacant state. Moreover, we believe that it is against sound public policy to allow real property to remain uninhabited, neglected and subject to the senseless vandalism that such property attracts. In sum, we find that the trial justice did not abuse his discretion.

We deny the defendant's motion for relief from judgment because Rule 60 of the Superior Court Rules of Civil Procedure requires the motion to be made not more than one year after the judgment. In the present case the judgment was entered on January 11, 1980, and the motion was made in April 1983, clearly past the one-year deadline. We also deny the defendant's motion for leave to present further evidence pursuant to G.L.1956 (1969 Reenactment) § 9–24–10.[7] That section does not allow further evidence to be presented in cases like the present one in which evidence is alleged to be newly discovered.

For the stated reasons, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

SHEA, J., did not participate.

---

7. General Laws 1956 (1969 Reenactment) § 9–24–10 provides: "New evidence on appeal.— No new testimony shall be presented to the supreme court on appeal, but in case of accident or mistake, or erroneous ruling excluding evidence in the superior court, the supreme court may grant leave to parties to present further evidence, and may provide by general rule or special order for the taking of such evidence."