John J. FRAZIER

v.

Kathleen B. FRAZIER.

Kathleen B. FRAZIER

v.

John J. FRAZIER.

Nos. 80–404–Appeal, 80–443–Appeal.

Supreme Court of Rhode Island.

March 16, 1984.

Peter P. D'Amico, Cranston, for plaintiff.

Francis A. Gaschen, Pawtucket, for defendant.

Before BEVILACQUA, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

WEISBERGER, Justice.

These cases come before us on consolidated appeals from judgments rendered in the Superior and Family Courts. The Superior Court entered a judgment granting the complaint of John J. Frazier (John) for partition of real estate owned by the parties and located at 469 Bullocks Point Avenue in the city of East Providence. Kathleen B. Frazier (Kathleen) has appealed from this judgment. The Family Court entered an order dismissing Kathleen's petition to assign the real estate owned by the parties pursuant to the provisions of G.L.1956 (1981 Reenactment) § 15–5–16.1 on the ground that it was not applicable to cases in which the final decree of divorce was granted prior to May 7, 1979. Kathleen appealed from this order. The facts underlying this controversy are as follows.

On May 22, 1978, a final decree of divorce was entered in the Family Court pursuant to Kathleen's petition alleging irreconcilable differences between the parties. This petition was unanswered. The final decree provided in part as follows:

"The petitioner is awarded the permanent, care, custody and control of the minor child of the parties, namely: Timothy, age 16; petitioner is awarded the permanent use of the household furniture and effects; petitioner is awarded the permanent exclusive use of the marital domicile; the matter of support for the petitioner and minor child of the parties is left open; * * * the Court finds that the petitioner is a recipient of AFDC [Aid to Families with Dependent Children]. The Court also finds that the petitioner needs $100.00 per week for the support of herself and the minor child of the parties."

Although this final decree has not been modified or amended in any way since the time of its entry, the Department of Social and Rehabilitative Services, on behalf of the State of Rhode Island and for the benefit of Kathleen, subsequently filed six petitions in Family Court between September 1978 and November 1979 for support of petitioner and the minor child of the parties. None of these petitions was answered by John.

Subsequently, John filed in the Superior Court a complaint seeking partition of the real estate that had been conveyed to the parties as joint tenants on April 17, 1962. Kathleen opposed John's request for partition on the ground that she had been awarded permanent use of the marital domicile by the Family Court. A hearing was held in the Superior Court, and the trial justice determined that the Family Court decree "[did] not affect ownership of the subject parcel, and therefore [was] no bar to partition." The parties agreed that each was the owner of an undivided half interest in the subject real estate. The trial justice further found "[t]hat inconvenience or difficulty in making the partition or hardship to some or all of the parties does not affect the right to partition," citing *De Bartolo v.*

*Di Battista,* 117 R.I. 349, 367 A.2d 701 (1976). Consequently, the trial justice ordered that the property be partitioned by sale since it was agreed by the parties that the subject real estate was not susceptible of division by metes and bounds. He further appointed co-commissioners to effectuate this order. Kathleen appeals from this judgment.

During the pendency of the complaint for partition in the Superior Court, Kathleen filed a petition in Family Court for assignment of the real estate owned by the parties in accordance with § 15–5–16.1. This petition was dismissed by a justice of the Family Court who held that this statute was inapplicable in Kathleen's case. Section 15–5–16.1 was originally enacted by P.L.1979, ch. 279. Section 4 of this statute provided, "[t]his act shall take effect upon its passage and shall apply to all petitions pending on the date of passage of this act and to all petitions filed thereafter." The Family Court justice construed the term "petition" as applying to petitions for divorce. Kathleen challenges this construction.

These cases present two major issues that will be dealt with in the order in which they were raised in Kathleen's brief.

I

THE PROPRIETY OF THE SUPERIOR COURT JUDGMENT OF PARTITION

■ Kathleen argues that the Superior Court lacked jurisdiction to partition the real estate after the Family Court had awarded exclusive use of said real estate to one of the parties. The use of the word "jurisdiction" is inappropriate in this context. There is no question that the Superior Court had jurisdiction of the parties in this case and that it had jurisdiction of the subject matter pursuant to the provisions of G.L.1956 (1969 Reenactment) §§ 34–15–1 through 29. This court has held that the Superior Court and the Family Court may have concurrent jurisdiction over the partition of real estate in instances in which

divorce or separation proceedings have been commenced. *Fox v. Fox,* 115 R.I. 593, 598, 350 A.2d 602, 604 (1976). We further held that after a final decree of divorce has been granted, "the litigants were no longer husband and wife but merely two joint tenants who, like any other joint tenants who are not married to each other, are free to resolve their real estate differences in a partition suit instituted in the Superior Court." *Major v. Major,* 121 R.I. 581, 582, 401 A.2d 1275, 1276 (1979). Consequently, the Superior Court clearly had jurisdiction of the subject matter of partition between the parties in the instant appeal whose final decree of divorce had been granted May 22, 1978. This had occurred prior to commencement of proceedings in the Superior Court for partition, wherein the initial complaint was filed on March 28, 1980. The determination of jurisdiction is, however, only a part of the inquiry into the propriety of the granting of a judgment for partition under the facts of this case.

A survey of our prior cases discloses that we have been somewhat ambiguous in our directions to the Superior Court in respect to the partition of real estate between husbands and wives or former husbands and wives. A brief review of the pertinent cases in this area may be helpful in setting the stage for our current analysis.

In *Bianchini v. Bianchini,* 76 R.I. 30, 68 A.2d 59 (1949), a complaint was filed for partition of real estate by the husband who owned the property jointly with his wife from whom he had been separated for three years. The trial justice, believing that the husband had an absolute right to partition by sale of the premises, granted the husband's petition. This court reversed on the ground that the trial justice failed to exercise his judicial discretion "in determining whether or not a partition by sale should be ordered * * *." *Id.* at 35, 68 A.2d at 62.

Later a similar question was presented in *De Bartolo v. Di Battista,* 117 R.I. 349, 367 A.2d 701 (1976). In that case a former wife sought partition of real estate that had been used as the marital domicile and at the

time of consideration of the complaint was being occupied by a disabled husband. It should be noted that there was no indication that the final decree of divorce had purported to grant to either party the use of said marital domicile. Nevertheless, a justice of the Superior Court, taking into account the equities and the needs of the former husband, denied partition. *Id.* at 354, 367 A.2d at 703. This court reversed and enunciated the general rule that the inconvenience or difficulty in making partition or hardship or substantial loss or injury to some or all of the parties does not affect the right to partition, citing *De Roulet v. Mitchel,* 70 Cal.App.2d 120, 124, 160 P.2d 574, 576 (1945); *Henkel v. Henkel,* 282 Mich. 473, 481–82, 276 N.W. 522, 524–25 (1937); *Thomsen v. Thomsen,* 196 Okl. 539, 543–44, 166 P.2d 417, 421–22 (1946). It should further be noted that none of the cases cited in *De Bartolo* for this proposition dealt with a question of partition between husband and wife or former husband and wife.[1] Further, in none of the cases cited was there an outstanding decree granting the use and occupancy of the premises to one of the parties. As in *De Bartolo,* none of the parties to the partition proceedings had been subjected to any duty of support or maintenance in respect to the other party by operation of law or court decree. Nevertheless, the rule enunciated in *De Bartolo* would indicate that when a partition proceeding is commenced by a joint tenant or tenant in common against his or her former spouse, judgment of partition should be granted as a matter of right. It was in reliance upon this rule that the trial justice granted partition in the case at bar.

This case, however, differs from the preceding cases in that the final decree of divorce rendered by the Family Court purported to grant permanent use of the marital domicile to Kathleen. Factually this case is more closely related to *Prior v. Prior,* R.I., 447 A.2d 1155 (1982). In that case a complaint for partition was brought by the former husband in spite of the fact that the former wife had been granted exclusive possession by the Family Court and further in spite of the fact that the former husband's request for partition in the Family Court had recently been denied. *Id.,* 447 A.2d at 1156–57. Under those circumstances, the trial justice in the Superior Court refused to grant partition since the exclusive use of the marital domicile was an integral part of the support given to the wife by the Family Court decree. *Id.,* 447 A.2d at 1157. We affirmed and held that the trial justice's decision constituted a reasonable exercise of discretion. *Id.*

We have also held that a final decree of the Family Court may be modified only by a justice of that tribunal. *Zinni v. Zinni,* 103 R.I. 417, 422, 238 A.2d 373, 376 (1968). This is consonant with the general rule that, save in instances in which a court decree is self-terminating, it remains binding upon the parties until modified by the court that originally entered it. *Siravo v. Siravo,* R.I., 424 A.2d 1047, 1050 (1981); *Calcagno v. Calcagno,* 120 R.I. 723, 729, 391 A.2d 79, 82 (1978).

We are of the opinion that the rule of comity would render unseemly a judgment by one court of coordinate jurisdiction to annul or render nugatory a decree of another court in the course of granting relief to one of the parties litigant. *See*

---

1. *De Roulet v. Mitchel,* 70 Cal.App.2d 120, 160 P.2d 574 (1945) dealt with the right of one sister to seek partition from the other sister. This right was held to be absolute. *Id.* at 124, 160 P.2d at 576. *Henkel v. Henkel,* 282 Mich. 473, 276 N.W. 522 (1937) involved the seeking of partition among two brothers and their respective wives. Here too the right was held to be absolute. *Id.* at 480–81, 276 N.W. at 524–25. *Thomsen v. Thomsen,* 196 Okl. 539, 166 P.2d 417 (1946) dealt with a request by the brother and sister of a testator for partition of real estate owned in common with the widow of the testator who had renounced a life estate given to her under the will. Here again the right was held to be absolute. *Id.* at 543–44, 166 P.2d at 421–22. None of the parties involved in these three cases had any duty of support in respect to the adverse parties.

*Lippman v. Kay,* R.I., 415 A.2d 738, 741 (1980). In the case at bar, the Family Court entered a final decree awarding the use of the marital domicile to Kathleen. This action did not purport to transfer to her a life estate in the property as she contends but was effective in granting her the use of such premises until, by virtue of a change of circumstances, it was no longer equitable that this use should continue. The proper tribunal to determine the question of modification is obviously the Family Court and not the Superior Court. It should be remembered that prior to 1961, domestic-relations jurisdiction was exercised by the Superior Court from the time of its establishment in 1905. Consequently, bills of complaint for partition were formerly presented to the same tribunal that had exercised jurisdiction in divorce. This procedure made it possible for the Superior Court to modify or annul a provision contained in the final decree of divorce if required. Presently the sharing of jurisdiction over different aspects of the rights and responsibilities of the parties between the Superior and Family Courts requires that rules of comity be established and observed.

■ We hold, therefore, that when a complaint for partition is addressed to the Superior Court under circumstances in which a decree of the Family Court constitutes an impediment to the partition of the real estate, the Superior Court either may properly dismiss the complaint without prejudice pending application to the Family Court for modification of the decree constituting the impediment or, in the alternative, may stay proceedings pending such application by the plaintiff to the Family Court. However, the Superior Court may not grant partition as though such decree did not exist.

II

THE PROPRIETY OF THE DISMISSAL OF KATHLEEN'S PETITION FOR ASSIGNMENT OF REALTY IN THE FAMILY COURT

■ Kathleen argues that since the question of alimony and support was left open in the final decree of divorce, the Family Court had jurisdiction to make an equitable assignment of the marital real estate pursuant to § 15–5–16.1. In its original form as enacted by P.L.1979, ch. 279, § 2, this statute read in part as follows:

"15–5–16.1. Assignment of Property.— In addition to or in lieu of an order to pay alimony made pursuant to a petition for divorce, the court may assign to either the husband or wife a portion of the estate of the other."

Section 4 of P.L.1979, ch. 279, read:

"This act shall take effect upon its passage and shall apply to all petitions pending on the date of passage of this act and to all petitions filed thereafter."

The word "petition" as used in this section must be related back to the phrase "petition for divorce" as set forth in § 15–5–16.1. It is obvious that the General Assembly intended a prospective application in respect to all of the provisions of chapter 279. This chapter made sweeping changes in respect to alimony and child support. The most significant and sweeping change was the granting of the power of assignment of property in § 15–5–16.1. The Legislature explicitly provided that the act should apply to "all petitions pending on the date of passage of this act" and to all petitions filed thereafter, thus clearly and explicitly intending prospective rather than retroactive application.

Kathleen argues that the term "petition" should be interpreted to mean petition for support as well as a petition for divorce since her final decree of divorce left open the question of support, and presumably alimony as well. Such interpretation would create the possibility of retroactive application to thousands of divorce cases either wherein the questions of alimony and support were specifically left open or wherein no decision in regard to alimony was made. Since there is no time limit upon an application for alimony, other than such limitation as might be imposed by the doctrine of

laches, *see Rymanowski v. Rymanowski,* 105 R.I. 89, 100, 249 A.2d 407, 412–13 (1969); *Brown v. Brown,* 48 R.I. 420, 424, 138 A. 179, 181 (1927); *Wilford v. Wilford,* 38 R.I. 55, 57, 94 A. 685, 686 (1915), the number of cases to which such a retroactive application might be applied could only be the subject of the merest speculative approximation. We cannot attribute any such retroactive intent to the language used by the Legislature in P.L.1979, ch. 279, § 4. Consequently, we are of the opinion that the trial justice of the Family Court was correct in his interpretation of the word "petition" as being applicable to a petition for divorce that was either pending at the time of the effective date of passage or to be brought thereafter. Since Kathleen's petition for divorce was terminated by final decree prior to the effective date of the statute on May 7, 1979, she is unable to avail herself of the benefit of the assignment statute.

For the reasons stated, Kathleen's appeal from the judgment of the Superior Court is sustained, the judgment of the Superior Court is vacated, and the papers in case No. 80–404–Appeal shall be remanded to the Superior Court for further proceedings in accordance with this opinion. Kathleen's appeal from the order of the Family Court is denied and dismissed. Said order of dismissal of her petition for assignment of property is affirmed, and the papers in case No. 80–443–Appeal may be remanded to the Family Court.