**Supreme Court**
No. 2014-345-Appeal.

Michelle D. Baker, Esq., Administratrix,   :
   CTA of the Estate of Walter A. Kania

              v.            :

Felicia Victoria Mitchell a/k/a Phyllis   :
   Victoria Mitchell et al.

**O R D E R**

This case came before the Supreme Court on November 3, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

The pro se defendant John Vogel appeals from a July 23, 2014, Superior Court order directing that the parties sell a Pawtucket home to Expo Realty for the price of $51,500 through a court-appointed commissioner. Before us, defendant argues that the hearing justice abused his discretion when he ordered the sale. Importantly, defendant was defaulted at the July 23, 2014 hearing because he failed to appear and press any objections that he may have had to the sale. Further, defendant has not provided this Court with a transcript of the hearing.[1] As a result, he

---

[1] See Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure ("within twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a

- 1 -

has deprived this Court of a meaningful opportunity to review the hearing justice's findings and decision. It is well settled that the "deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." 731 Airport Associates v. H&M Realty Associates, LLC ex rel. Leef, 799 A.2d 279, 282 (R.I. 2002). Moreover, "[e]ven if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." Faerber v. Cavanagh, 568 A.2d 326, 330 (R.I. 1990).

An order to sell property will be sustained if the trial justice's "discretion has been soundly and judicially exercised * * * in the light of reason applied to all the facts and with a view to the rights of all the parties to the action." Citrone v. SNJ Associates, 682 A.2d 92, 95 (R.I. 1996) (quoting DeBartolo v. DiBattista, 117 R.I. 349, 353, 367 A.2d 701, 703 (1976)). With the record before us, or lack thereof, there is no reason for us to conclude that the hearing justice did not properly exercise his discretion in ordering the sale.

The judgment is affirmed and the papers are remanded to the Superior Court.

Entered as an Order of this Court this 8th day of December, 2015.

By Order,

_____/s/_____
Clerk

transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record").



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Michelle D. Baker, Esq., Administratrix, CTA of the Estate of Walter A. Kania v. Felicia Victoria Mitchell a/k/a Phyllis Victoria Mitchell et al.

**CASE NO:**    No. 2014-345-Appeal.
(PC07-904)

**COURT:**    Supreme Court

**DATE ORDER FILED:**    December 8, 2015

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Luis M. Matos

**ATTORNEYS ON APPEAL:**

For Plaintiff:   John B. Murphy, Esq.

For Defendant:   John Mitchell Vogel, Pro Se