Joseph SOARES

v.

Janie VESTAL, M.D.

No. 92–649–Appeal.

Supreme Court of Rhode Island.

Nov. 3, 1993.

Michael Coleman, Providence, for plaintiff.

Michael Sarli, Gidley, Sarli & Marusak, Providence, for defendant.

OPINION

PER CURIAM.

This case came before a hearing panel of this court pursuant to an order directing Joseph Soares (plaintiff) to show cause why his appeal from a Superior Court judgment granting a directed verdict for Dr. Janie Vestal (defendant), should not be summarily decided.

The plaintiff brought suit alleging *inter alia* that defendant's failure to x-ray his wrist and hand following his motorcycle accident constituted medical malpractice and proximately caused a nonunion of certain wrist bones. At trial, the deposition of plaintiff's witness, Dr. Michael Ronthal, acting chief of neurology at Beth Israel Hospital in

Boston, was not admitted. The plaintiff challenges the trial justice's exclusion of Dr. Ronthal's expert testimony.

The trial justice reasoned that because the witness, who was trained in South Africa, was not certified in either emergency medicine or family practice, his board certifications in neurology and internal medicine did not qualify him under G.L.1956 (1985 Reenactment) § 9–19–41, as enacted by P.L.1986, ch. 350, § 5. The plaintiff argues that § 9–19–41 has been superseded by Rule 702 of the Rhode Island Rules of Evidence.

We are of the opinion that the decision on the admissibility of evidence is well within the discretion of the trial justice. We read, at this juncture, § 9–19–41 and Rule 702 as complementary rather than contradictory to each other. In this matter we need not reach the issues presented by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), but we expect that the issues it raises in relation to Rule 702 will be addressed in due course. Because the plaintiff did not raise his challenge to the constitutionality of § 9–19–41 at trial, we decline to address it on appeal. *Bouchard v. Clark,* 581 A.2d 715 (R.I.1990).

For these reasons the plaintiff's appeal is denied and dismissed. The trial justice's order granting a directed verdict for the defendant is affirmed.

WEISBERGER, A.C.J., did not participate.