Lisa T. MARSHALL

v.

**MEDICAL ASSOCIATES OF RHODE ISLAND, INC., et al.**

No. 95–322–Appeal.

Supreme Court of Rhode Island.

June 12, 1996.

Mark B. Morse, Providence, for Plaintiff.

John F. Dolan, Mark P. Dolan, Providence, for Defendant.

## OPINION

PER CURIAM.

On April 16, 1996, counsel for the parties came before us to show cause why this appeal from a judgment in favor of the defendants, Medical Associates of Rhode Island, Inc., and Diane DeFusco, after the granting of a directed-verdict motion, now known as a motion for judgment as a matter of law, should not be determined summarily. Having listened to their arguments and reviewed their submissions, we perceive no cause and shall therefore go directly to the nub of this matter without any extended factual exegesis.

This case requires us to construe G.L.1956 § 9–19–41, which provides in pertinent part:

"In any legal action based upon a cause of action * * * for personal injury * * * filed against a licensed physician, hospital, clinic, health maintenance organization, [or] professional service corporation providing health care services * * * only those persons who by knowledge, skill, experience, training or education qualify as experts in the field of the alleged malpractice shall be permitted to give expert testimony as to the alleged malpractice."

On the basis of his reading of § 9–19–41, a justice of the Superior Court barred a medical doctor who was board certified in pediatrics and family medicine from testifying as an expert in a malpractice case involving the treatment of an animal-bite wound by an emergency-room physician/internist. The trial justice apparently believed that, under this statute, the proposed expert witness either had to be board certified or have some other training or experience in the same emergency or internal medicine specialty as the defendant-physician before the proposed expert could be permitted to testify.

Predictably, the trial justice's ruling left plaintiff vulnerable to a Rule 50 motion under the Superior Court Rules of Civil Procedure, which the defense successfully deployed to end the case. This appeal ensued.

Because we believe that the above-referenced interpretation is too crabbed a reading of § 9–19–41's requirement that a proposed expert witness be qualified "in the field of the alleged malpractice," we vacate the trial court's granting of a directed verdict after it excluded proffered expert testimony that was crucial to plaintiff's case.

■ It is, of course, axiomatic that a trial court has wide discretion in determining the competency of a witness to testify as an expert. *See, e.g., Owens v. Payless Cashways, Inc.,* 670 A.2d 1240, 1244 (R.I.1996). But as Justice Doris aptly noted nearly twenty years ago:

"To say * * * that the question is addressed to the trial justice's discretion does not mean that his ruling is not reviewable. What it does mean is that the ruling will be sustained provided the discretion has been soundly and judicially exercised, that is, if it has been exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action * * * and not arbitrarily or wilfully, but with just regard to what is right and equitable under the circumstances and the law." *De Bartolo v. Di Battista,* 117 R.I. 349, 353, 367 A.2d 701, 703 (1976).

With these judicial polestars to guide our navigation of a trial justice's discretion in keeping out a proffered expert's testimony, we turn to the task at hand.

■ We begin and effectively end our consideration by restating the language of § 9–19–41: to be qualified as an expert and thus be entitled to give expert testimony, one should have "knowledge, skill, experience, training or education * * * in the field of the alleged malpractice." Here, the claimed malpractice involves the treatment of an animal-bite wound. There is nothing in the statute that suggests that to qualify as an expert witness, the testifying doctor must be board certified or otherwise have training or experience in the same medical specialty as the defendant-physician, provided the proposed expert otherwise has knowledge, skill, experience, or education in the same field as the alleged malpractice. Thus, a doctor skilled in pediatrics and family medicine with experi-

ence in treating animal-bite wounds of the kind suffered by this plaintiff need not be board certified in emergency or internal medicine to testify about the pertinent standard of care in treating such wounds and to opine whether the defendant-physician met that standard. Nor would the proposed expert's lack of any training or experience working in an emergency room be fatal to qualifying under § 9–19–41. However relevant such matters may be to the weight given by the factfinder to the expert's opinion, they should not bar such testimony *ab initio.*

■ The trial justice's reasoning in support of a more restrictive reading of § 9–19–41 is not helped by his reliance on *Soares v. Vestal,* 632 A.2d 647 (R.I.1993) (per curiam). *Soares* merely stands for the unremarkable proposition that a proposed medical expert who is board certified in one area of medicine is not thereby qualified as a testifying expert "in the field of the alleged malpractice" involving a physician who is board certified in another medical specialty. Rather, the proponent of such evidence must still show the trial court that the so-called expert-witness has knowledge, skill, training, or experience in the same field as the alleged malpractice so that the expert's testimony can be genuinely helpful to the jury. Board certification, training, or experience practicing in the same specialty as the defendant doctor is certainly one possible way to qualify as an expert witness under § 9–19–41, but it is not the *sine qua non* for doing so.

As applied to the facts here, we believe that it is entirely possible for a family doctor or a pediatrician who has treated patients suffering from animal-bite wounds to qualify as an expert witness in a medical malpractice case against a defendant-physician who is board certified in emergency and internal medicine and who is charged with malpractice arising out of the treatment of such wounds.

Among other qualifications, this proposed medical expert had routinely treated animal-bite wounds in his practice, had lectured on that topic at several prestigious medical schools, and had encountered "hundreds" of these wounds during his many years as a physician. On this record, we believe that the witness satisfied the criteria set forth in § 9–19–41 for qualifying as an expert in the field of the alleged malpractice and therefore should have been permitted to give expert testimony at the trial.[1]

Accordingly, the plaintiff's appeal is sustained, and the judgment appealed from is vacated. The papers in the case are remanded to the Superior Court for a new trial in accordance with our opinion.

WEISBERGER, C.J., and MURRAY, J., not participating.

---

1. Given our decision, we do not address the plaintiff's remaining claims of error.